ROBERT W. LANSING *vs.* STEPHEN D. CARPENTER and JOHN T. MARTIN, Appellants.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 10.]                    [Decided November 22, 1859.

*Libel—Slander.*

It is libelous to publish of an officer that he was "a fit tool and toady of others; and whatever he might do in the future, the past would warrant the depriving him of his office."

Lansing vs. Carpenter.

It is well settled that an action of libel will be sustained for words published, which tend to bring the plaintiff into public hatred, contempt, or ridicule, even though the same words spoken would not have been actionable.

This is an action for libel brought under the code by Lansing against the defendants, as publishers of " The Daily Wisconsin Patriot," for publishing the following, which was set out with innuendoes, applying the article to the plaintiff: "Old *Habeas Corpus* Lansing"—" Old Lansing"—"Old blear-eyed toady, and supe to the Forty, is a creation of Judge Collins; and Judge Collins was supported by the *Journal, Argus,* and Forty Thieves generally." "It is intimated that Lansing will let off all witnesses who are sentenced for contempt by either house of the legislature, for refusing to testify. Thus it is *hoped* that one man, we beg pardon for calling such an ass, a *man,* will be enabled to undo all that the legislature could do to expose the guilty. We know not what the old, rotten *skeesicks* will do, but we do know that his friends count on him with great unction. We consider him a fit tool for such a purpose at all events; and it is suggested, in case of any improper interference, to ' suspend' or repeal the functions of his office, an act that would be fully warranted by the past, if not the future." "We rather think this legislature is not to be fooled."

To this the defendants demurred, for that it appears upon the face thereof: 1. That several causes of action have been improperly united. 2. That the complainant does not state facts sufficient to constitute a cause of action. And the defendants specify the following grounds of objection under this head:

I. Although more than one person is spoken of in the words charged to have been published by the defendants, there is no averment showing what portion of said words was published of, or concerning the plaintiff.

II. There is no averment showing that any words, which are actionable, were published of the plaintiff.

III. None of the words alleged to have been published by the defendants, are actionable in themselves, nor is there any averment of prefatory or extrinsic facts, which make them actionable.

Other points are made in the demurrer, but they are not necessary to an understanding of this case. The demurrer was overruled, and the defendants appealed to this court.

*Wakeley & Tenney,* for the appellant.

*S. U. Pinney,* for the respondent.

*By the Court*, PAINE, J.   The order in this case must be affirmed, as the publication complained of is clearly libelous. The counsel for the appellants seemed to assume, on the argument, that in order to constitute a libel, the publication must impute a crime, or charge something, which, if uttered verbally, would have been actionable in itself as slander. But the distinction between slander and libel, in this respect, is well established; and it is settled that an action for a libel may be sustained for words published which tend to bring the plaintiff into public hatred, contempt or ridicule, even though the same words spoken would not have been actionable.   See *Steele vs. Southwick*, cited in 1st American Leading cases 126, and the authorities mentioned in the notes.

That the publication in question is libelous, we consider too plain to admit of argument.   And it is not necessary to resort to the distinction just stated to sustain its actionable character.   The complaint avers that the plaintiff was a court commissioner, and the words were spoken of him in that capacity.   And this appears from the words themselves.   The substance of the charge is, that it was expected that the plaintiff as court commissioner, would discharge, *habeas corpus*, all persons who might be committed by the legislature for refusing to testify, merely to subserve the views of other parties, whose tool and toady the plaintiff was, and that the writer of the article considered him "a fit tool for such a purpose," &c. Also, that "whatever he might do in the future, the past would warrant the depriving him of his office."

Such imputations made against an officer, have a natural tendency, so far as the influence of the press extends, to diminish public confidence in his official integrity, and thus injure him in the business of his office.   And we think these words are actionable within the rule relating to words spoken of a man in his trade or profession.

In *Hook vs. Hackney*, 16 Sergt. & R., 385, it was held action-

able to say of a judge that he had done that " which would remove him from his seat." And it is the same to say that he has done that which would warrant removing him, or depriving him of his office.

The order of the court below, overruling the demurrer, is affirmed with costs.

Dixon, C. J., took no part in the decision of this case, as the same was tried before him at the circuit.