## WEIL VS. ALTENHOFEN.

SLANDER: *Charge of* " swindling" *not actionable* per se.—*Office of the* innuendo.

1. Words charging that plaintiff "*swindled* a man out of $500 " (it not being alleged that they were spoken of him as an attorney), *held* not to charge an indictable offense, and so not to be actionable *per se.* So also of words charging that he "*swindled* the county out of $1,700."
2. The office of an innuendo is to *apply* what has been expressed, and not to enlarge or change the sense of alleged slanderous words.
3. Hence an allegation in each case as to the words above recited, that defendant intended thereby to charge that plaintiff was guilty of obtaining the sum mentioned "under false pretenses," was not sufficient to show any cause of action on the words alone.

APPEAL from the Circuit Court for *Washington* County.

Action for slander. Demurrer to the second and third counts of the complaint, as not stating a cause of action. The substance of those counts is stated in the opinion. Demurrer sustained; and plaintiff appealed from the order.

*L. F. Frisby,* for appellant, argued that the words charged are actionable (*Herr v. Bamberg,* 10 How. Pr. 128; *J'Anson v. Stewart,* 1 Term, 748; *Smith v. Carey,* 3 Campb. 461; 5 Pick. 244; Townshend on Slander, etc., secs. 173, 177); that if they are susceptible of two constructions, one charging a crime and the other not, it was for the jury to determine in what sense they were used, and the complaint in such a case is not demurrable where the *innuendo* alleges that a crime was intended (*Dottarer v. Bushey,* 16 Pa. St. 204; 1 Starkie on Slander, 60; *Gibson v. Williams,* 4 Wend. 320; *Ex parte Baily,* 2 Cow. 479; *Goodrich v. Wolcott,* 3 id. 231, 239, 240; *Demarest v. Haring,* 6 id. 76; *Cornelius v. Van Slyck,* 21 Wend. 70); that one definition of the word " swindler" is, " one who obtains money or goods under false pretenses " (Webster's Unabridged Dic. ed. 1868; HARRIS, J., in *Herr v. Bam-*

*berg*; Bouvier's Law Dic.; Barb. Cr. Law, 128); and that under our statute (R. S. ch. 165, sec. 39), which makes any "gross fraud or cheat at common law" a felony, it is still more clear that the charge of "swindling" does or must impute a crime. 2 Bish. Cr. Law, 142. As to the decisions in 2 H. Black. 531, and 3 Hill, 139, counsel argued, first, that the word in question had been more clearly defined since those decisions were made; and secondly, that the language of BRONSON, J., in the latter case clearly implies that the words charged *might* import a crime, and that the complaint would have been good if it had contained, as in this case, a proper *colloquium* and *innuendo*, to affix that sense to them.

*Thorp & Frisby*, for respondent, argued that the words charged are not actionable *per se* (*Stevenson v. Hayden*, 2 Mass. 406; *Carter v. Andrews*, 16 Pick. 1–9; *Odiorne v. Bacon*, 6 Cush. 185; *Chase v. Whitlock*, 3 Hill, 139; *Van Tassel v. Capron*, 1 Denio, 150); and that it was necessary, therefore, either to allege that they were spoken of the plaintiff in his official calling or his particular trade or vocation, or else to allege special damages. *Kinney v. Nash*, 3 Coms. 177; *Oakley v. Farrington*, 1 Johns. Cas. 130; *Doyle v. Van Rensellaer*, id. 330; *Van Tassel v. Capron*, 1 Denio, 250; *Caldwell v. Raymond*, 2 Abb. 193.

COLE, J. The slanderous words set out in the second paragraph of the complaint are: "*Paul Weil*," meaning the plaintiff, "swindled a man out of five hundred dollars near Schleisingerville;" with an allegation that the defendant intended thereby to charge that the plaintiff was guilty of obtaining the sum of $500 from one John Fohn, under false pretenses.

In the third paragraph or count the defamatory words are: "That *Weil*," the plaintiff meaning, "swindled the county," Washington county meaning, "out of seventeen hundred dollars;" alleging that the

defendant intended thereby to charge that the plaintiff had obtained $1,700 from the county treasury of the county of Washington, under false pretenses.

It is not alleged that these words were spoken of and concerning the plaintiff in his profession and character as an attorney. The question therefore arises on the demurrer, whether the words are actionable *per se.* This point seems to be decided in the negative by the authorities. The case of *Chase v. Whitlock,* 3 Hill, 139, is precisely in point. BRONSON, J., in delivering the opinion of the court in that case, says: "To call one a swindler is about equivalent to saying he is a *cheat,* which has never been held actionable. Either of those charges may, under certain circumstances, imply that the accused is guilty of the crime of obtaining goods by false pretenses. But they do not necessarily mean so much. There are many ways in which a man may wrong another in such a manner as to earn the title of swindler or cheat, without subjecting himself to an indictment for a criminal offense. This question has been considered as settled ever since the decision in *Savile v. Jardine* (2 H. Black. 531)."

It is suggested on the brief of counsel for the plaintiff, that this decision is not strictly applicable to the case before us, for the reason that Mr. Justice BRONSON there remarks that there is no colloquium of obtaining goods by false pretenses, nor is there anything else to show that the words were used in any other than their ordinary sense; while here the averment or innuendo is, that the defendant, by the language used, intended to charge and have it understood that the plaintiff had been guilty of obtaining money under false pretenses, and had acted dishonestly and criminally. In *Chase v. Whitlock,* the innuendo was that the plaintiff had been guilty of the *crime of swindling,* which is substantially what the innuendo is in the present case.

Of course the office of an innuendo is well understood to be merely to apply what has been already

expressed, but not to add to, nor enlarge, nor change the sense of the slanderous words.

It is further insisted that since the decision in *Chase v. Whitlock*, lexicographers have given as one definition of the word "swindler," "one who obtains money or goods under false pretenses;" and that it ought to be assumed that the word was used in that sense by the defendant, charging the plaintiff with an indictable offense.

We do not feel warranted in so holding upon the authorities. We can only assume that the words were used in the ordinary sense, and do not necessarily import a crime.

*By the Court.*—The order of the circuit court sustaining the demurrer to the second and third paragraphs or counts of the complaint, is affirmed.