E. H. PUGH, plaintiff in error, *vs.* JERRY McCARTY, plaintiff in error.

1. It is not error for the Court to charge the jury that the words as alleged in the declaration are libellous, as that is not an expression of opinion as to the evidence before the jury.
2. It is error for the Court below to refuse to charge the jury when requested, in writing, in the language of the judgment of this Court, on the same statement of facts in a case between the same parties which had previously been adjudicated in this Court.

Libel. New trial. Before Judge GIBSON. Richmond Superior Court. January Term, 1871.

This cause was here before. See 40 Georgia Reports, 444. Plaintiff read in evidence the article published in The Daily Press of Augusta, so much of which as is important is copied in 40 Georgia Reports, 445. It was shown that, at the date of said publication, defendant was publisher of said newspaper; that, at that time, plaintiff was clerk of The Chronicle and Sentinel newspaper office, and that McGregor, the other party named, was the mail clerk of The Daily Press; that these papers were disputing as to their respective circulation in Augusta when said article was published;

that this dispute was as to the comparative advantages of said papers as advertising mediums, and to the right of one to the post office advertisements in preference to the other. Defendant introduced no testimony.

The Court charged, at the request of the plaintiff's counsel : 1st. " To charge of another in a newspaper, printed, published and circulated in the county, that he is convicted of perjury, is ·actionable without proof of special damage, although the charge may not, in the opinion of the jury, amount to a charge of legal perjury," he added : " Nor do I charge you that it is legal perjury." 2d. "The words charged in the declaration are libellous, and the jury may give exemplary damages if they believe that the defendant intended, and did by their use, impute the crime of legal perjury to the plaintiff." 3d. " In all such cases as these, if the jury believe the words charged were published by the defendant, and that the words are in themselves actionable, it is not necessary to prove special damages ; the jury may give such damages as they believe, under all the circumstances of the case, would compensate for the injury done to the plaintiff, and inflict such punishment as the law allows to be inflicted upon the defendant." He further charged that, even if a newspaper quarrel was going on, and the plaintiff and defendant took part in it, and published libellous matter of each other, if one party sued the other, evidence of the publication of libellous matter published by the party suing, concerning the other party, ought not to reduce the damages, because one libel cannot be brought in as a set-off against the other. Unless the jury believe, from the evidence, that defendant published against plaintiff a libel, they must find for the defendant. If the publication complained of was made by defendant with the *bona fide* intent to protect his own interest in a matter where it was concerned, they must find for defendant.

He was requested, by defendant's counsel, to charge: " When a dispute is conducted between two newspapers as to

Pugh *vs.* McCarty.

the extent of their city circulation, and their employees volunteer to take part in the strife, and one charges an employee of the other, who is aiding in the quarrel, with theft and duplicity, and the other charges, in return, that the employee of the first has been convicted of perjury by the solemn oath of a gentleman whose veracity stands unimpeached and unimpeachable, and the latter brings suit for a libel on the charge contained in this public reply, the jury should give nominal damages only." He refused so to charge, upon the ground that it was not warranted by the evidence. The jury found for plaintiff for $1,500 00 damages.

Defendant's counsel moved for a new trial, upon the grounds that the verdict was excessive, contrary to law and evidence and the latter part of the charge ; because the Court erred in charging as requested by plaintiff's counsel, and refusing to charge as requested by defendant's counsel. The new trial was refused, and that is assigned as error on said grounds.

HILLIARD & KING, for plaintiff in error.

A. R. WRIGHT, for defendant.

WARNER, Judge.

This was an action brought by the plaintiff against the defendant to recover damages for the printing and publishing a libel in the columns of a daily newspaper. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $1,500 00. The defendant made a motion for a new trial, on several grounds, which was overruled by the Court, and the defendant excepted. This case was brought before this Court at a former term, and decided by a majority of the Court, on the same statement of facts as was presented on the last trial, except that, on the last trial, the evidence in relation to the dispute between the two newspapers was more full and explicit than on the former trial.

1. The first ground of error assigned to the charge of the Court, is in charging the jury, " that the words charged in the declaration were libellous." There was no error in this charge, as it amounted to nothing more than saying that the words charged in *the declaration* were actionable as a libel, under the law. The Court expressed no opinion as to whether the evidence, as proved on the trial, made out a libel, under the circumstances attending the publication. If the Court had charged the jury, that the evidence in the case constituted a libelous publication, under the circumstances attending it, that would have been error, because it would have been an expression of opinion upon the evidence in the case.

2. The counsel for the defendant requested the Court to charge the jury in the exact language of the judgment of a majority of this Court, as applicable to the facts of the case, that " where a dispute is conducted between two newspapers as to the extent of their city circulation, and their employees volunteer to take part in the strife, and one charges an employee of the other, who is aiding in the quarrel, with theft and duplicity, and the other charges in return that the employee of the first has been convicted of perjury, by the solemn oath of a gentleman, whose veracity stands unimpeached and unimpeachable, and the latter brings suit for a libel, on the charge contained in this published reply, the jury, in such cases, should find nominal damages only." The Judge states that he refused this charge for want of proof, but the record shows that the proof was quite as full on the last trial, and a little more so, than on the former trial. See *Pugh vs. McCarty*, 40 Georgia Reports, 444. Whether the former judgment of a majority of this Court was right or wrong, as applicable to the facts of the case, still, it was the judgment of the Court, and the law of the case, which the Court below, under the 4220th section of the Code, was bound to respect, and, in good faith, to carry into full effect; and, therefore, should have given to the jury the charge as requested, and it was error in refusing to do so. However erroneous the

Pugh *vs.* McCarty.

judgment of a majority of this Court may have been, as to the law applicable to the state of facts, it was not the province or the duty of the Court below to question that judgment by a refusal to administer the law as declared by it.

Let the judgment of the Court below be reversed.

McCay, Judge, concurring.

I concur in the judgment of reversal in this case. I think there was some evidence that the plaintiff had voluntarily interfered in this controversy between the conductors of the newspapers engaged, and, under the decision of the Court when this case was previously before it, *in such a case* the damages ought only to be nominal. I do not, however, look upon the decision of this Court, as then made, as settling the question that the plaintiff was a volunteer. The decision referred to was based upon the idea that the damages were excessive, and it does not at all follow that, if the damages had been more reasonable, this Court would, upon this ground, have undertaken to control the jury in their judgment. As one of the majority which gave that decision, such is, at any rate, my view of the matter. Whether the plaintiff made the affidavit on which this charge of perjury is based as a volunteer in the newspaper controversy, after the managers of the paper had begun their diatribes against each other, or whether he made the affidavit in the regular course of his business, as clerk, for the information of the postmaster, and the public controversy grew out of that affidavit, were questions for the jury, under the charge asked and refused. In the latter case, reasonable damages might well have been given under the charge, as asked.