## GOTTBEHUET VS. HUBACHEK.

| 36 | 515 |
| 85 | 454 |
| 36 | 515 |
| 96 | 464 |

SLANDER. (1) *Words actionable* per se: *general rule.* (2) *Rule applied to words charging engineer of fire department with drunkenness.* (3) *Duty of court in instructing jury.*

1. Words are actionable which directly tend to the prejudice of any one in his office, profession, or business.
2. Under this rule words are actionable which charge the chief engineer of a fire department with being *drunk* at a fire which it was his duty to extinguish.
3. In slander or libel, where the words charged are actionable *per se*, it is the duty of the court to so instruct the jury.

APPEAL from the Circuit Court for *Racine* County.

Slander. The plaintiff was chief engineer of the fire department of the city of Racine, and the alleged slanderous words charged him with drunkenness on the night of a fire in that city, April 29, 1873.

Upon the trial, defendant objected to the introduction of any testimony under the complaint, for the reason that sec. 4, ch. 127, Laws of 1872, making it a misdemeanor to become intoxicated, had been repealed since the action was begun. The objection was overruled.

It was proven, in behalf of plaintiff, that on the night of the fire in question, defendant spoke the following words to one Ritchie, concerning plaintiff: " You have got a pretty chief engineer here; it took two men to hold him up; he was dead drunk; he is a pretty man to be chief engineer; he was not fit to be chief engineer, when a man is so drunk." It was proven that the words were repeated in substance several times in the presence of several persons, and while plaintiff was passing around among his men at the fire, giving them directions as to its management.

Defendant offered no evidence; and the court charged the jury, among other things, as follows: " The evidence is·

undisputed, that about the time alleged in the complaint, the defendant spoke, in presence and hearing of others, words charging that the plaintiff was drunk on the occasion of a fire in the city of Racine. If you find the defendant charged the plaintiff with being drunk on that occasion, I think the words are actionable, and the plaintiff is entitled to damages."

Verdict for plaintiff for $60 damages; and defendant appealed from a judgment thereon.

*Fuller & Dyer*, for appellant, argued that the words charged were not actionable. " The words spoken must impute some crime or misdemeanor, for which corporeal punishment may be inflicted in a temporal court, or they will not be actionable without proof of special damage." 1 Starkie on Slander (Wendell's ed.), 37. To be actionable *per se*, the words should charge an act involving moral turpitude. *Pike v. Van Wormer*, 5 How. Pr., 171; *Ranger v. Goodrich*, 17 Wis., 78; *Mayer v. Schleichter*, 29 id., 648. No special damage was shown or claimed on the trial of this case, on the ground that respondent was chief engineer of the fire department. The cases, therefore, holding that words are actionable which are calculated to injure and impair public confidence in the integrity of a man in relation to his trade or vocation, are not applicable. Whilst it has been held in England and in Massachusetts, that to charge a clergyman with drunkenness is actionable, because of the dignity and sacred character of his office, yet such considerations ought not to be seriously invoked in such a case as this. If the words were actionable at all, it was by reason of sec. 4, ch. 127, Laws of 1872, making it unlawful to become intoxicated, and subjecting the person to fine and imprisonment. But during the pendency of the action, and before the trial, the statute was repealed by ch. 179, Laws of 1874, and the right to recover, if it existed before, fell with the statute. *Beebe v. O'Brien*, 10 Wis., 481.

*Van Buskirk & Ritchie*, for respondent, contended that the offense charged need not be of the character rendered infamous

Gottbehuet vs. Hubachek.

by the common law, but that when the act involved the moral character of the person, and brought him into disrepute among his neighbors, and was punishable under the statute by imprisonment, the words are actionable *per se. Miller v. Parish*, 8 Pick., 384 ; *Chaddock v. Briggs*, 13 Mass., 248. The repeal of chap. 127, Laws of 1872, did not abate the action, since sec. 33, ch. 119, R. S., preserves all actions at law or criminal prosecutions then pending, founded upon any statute of the state, notwithstanding the repeal of such statute. 2. Plaintiff was also entitled to recover upon the ground that the words uttered were uttered concerning him in his business and office of chief engineer of the fire department. Words which charge a person in a particular calling or profession with acts which would disqualify him for such position, are actionable *per se. Chaddock v. Briggs, supra* ; *Fowles v. Bowen*, 30 N. Y., 20. So language concerning one in office, which imputes to him a want of integrity, or misfeasance in his office, or which is calculated to diminish public confidence in him, is actionable. *Lansing v. Carpenter*, 9 Wis., 540.

RYAN, C. J. We cannot think it material whether, at the time of the slander, drunkenness was a crime by law, or whether it had ceased to be so before the trial of this action. We take it to be an elementary rule, that "words are actionable which directly tend to the prejudice of any one in his office, profession, trade or business." 1 Starkie on Slander, 117. This rule is expressly recognized and asserted in *Lansing v. Carpenter*, 9 Wis., 540. And surely it tends directly to the prejudice of the chief engineer of a fire department, to accuse him of being drunk at a fire which it was his duty to extinguish ; drunk in the discharge of an official duty requiring skill and judgment. *Chaddock v. Briggs*, 13 Mass., 248. It is of no avail to make light of the respondent's office. The rule rests on the injury to the officer, not on the dignity of the office. The latter may enter into the measure of damages, but cannot affect the right of recovery.

So holding, we certainly cannot reverse the judgment because the circuit judge held with us, and instructed the jury that the words were actionable. There are cases where circumstances make the question a mixed one of law and fact, and there is some consequent confusion of rule in the books. But it seems very plain that, in actions for slander and libel, when, in law, the words *per se* are actionable, it is the duty of the court so to instruct the jury. *Filber v. Dautermann*, 28 Wis. 134.

*By the Court.*— The judgment of the court below is affirmed.