## SPIERING vs. ANDRÆ.

*Slander.*

Words spoken falsely and maliciously concerning one who is a justice of the peace, characterizing him as "a damned fool of a justice," are actionable *per se*.

APPEAL from the Circuit Court for *Dodge* County.

Action for slander. The complaint alleges that at the time the alleged slanderous words were spoken by the defendant, plaintiff was, and for many years previous thereto had been, a justice of the peace, and acted as such, in the village of Maysville in Dodge county; that defendant, in a public speech in said village, at a public meeting, in the presence and hearing of a great number of persons, in speaking of the plaintiff as such justice of the peace, maliciously spoke the false and defamatory words following: "The reason I did not take out

my second papers was, that I did not want to sit as a juror before such a damned fool of a justice." No special damage is alleged. The defendant answered, admitting the speech, but alleging that the words were not spoken of or concerning the plaintiff, and denying that he used the words "*such* a damned fool," etc., but alleging that the words used were, "a damned fool of a justice." At the trial, the defendant objected to the introduction of any evidence on the part of the plaintiff, for the reason that the words set out in the complaint were not actionable. The court sustained the objection, and ordered judgment of nonsuit, with costs, to be entered against the plaintiff; and he appealed from the judgment.

The cause was submitted for the appellant on the brief of *L. T. Fribert;* and for the respondent on a brief signed by *S. W. Lamereaux* as his attorney, with *J. B. Hays*, of counsel.

TAYLOR, J. The only question is, whether the words set out in the complaint are actionable *per se*. The complaint alleges that the words were spoken of the plaintiff as a justice of the peace, and we think this claim is sustained by the allegations of the complaint. The defendant does not simply say of the plaintiff that he is "a damned fool," but that he did not want to sit as a juror before "such a damned fool of a justice." It is clear that the defendant meant to be understood by this language, that he considered the plaintiff an unfit person to exercise the duties of a justice of the peace, on account of his ignorance and incapacity, and that the defendant purposely abstained from becoming a citizen of the United States that he might not be compelled to perform the duties of a juror in a court held by such a fool.

Starkie says: "Words are actionable, without proof of special damage, which directly tend to the prejudice of any one in his office, profession, trade or business." Starkie on Slander, 110. In *Lansing v. Carpenter*, 9 Wis., 541, it is held that words spoken of an officer, which diminish public confidence in his official integrity, and thus injure him in the business of his office, are actionable. In *Gottbehuet v. Hubachek*,

36 Wis., 515, the same rule is repeated. The present chief justice, in the opinion, says: "We take it to be an elementary rule, that 'words are actionable which directly tend to the prejudice of any one in his office, profession, trade or business.'" That was an action brought for charging the chief engineer of the fire department of Racine with being drunk at a fire, which it was his duty to extinguish. The case of *Weil v. Altenhofen*, 26 Wis., 708, is not in conflict with these decisions. In that case, the words were not spoken of the plaintiff in his profession or business.

The words spoken by the defendant in the case at bar, clearly and in most contemptuous terms charge the plaintiff with a want of capacity to perform properly the duties of his office, and directly tend to prejudice him therein. There are some cases which hold that words charging an officer with mere ignorance and want of capacity to perform the duties of his office are not actionable *per se*. Such was the opinion of Justice NOTT, who delivered the opinion in the case of *Mayrant v. Richardson*, 1 N. & M. (S. C.), 347. We think, however, the great preponderance of authority is, that words charging an officer with gross ignorance and incapacity are actionable *per se*. Such is the opinion of Starkie. See his work on slander, 4th English ed., 182 and 184. Townsend, in his work on the same subject, § 194, says: "It is said, however, that it is actionable to charge ignorance or unskillfulness, if it amounts to gross ignorance or unskillfulness. This seems only another mode of imputing such ignorance as unfits the person for the proper exercise of his art, or with misconduct therein." Again, § 196, he says: "As regards language concerning one in office, the same general principles apply as to language concerning one in trade. Language concerning one in office, which imputes to him a want of integrity or misfeasance in his office, or a want of capacity, generally, to fulfill the duties of his office, or which is calculated to diminish public confidence in him, or charges him with the breach of some public trust, is actionable." The following are some of the cases which hold that words charging an officer with gross ignorance of the du-

Spiering vs. Andræ.

ties of his office or profession are actionable without alleging any special damage. *How v. Prin*, Holt, 653; 2 Salk., 694; *Day v. Buller*, 3 Wilson, 59; *Onslow v. Horne*, id., 186; *Peard v. Jones*, Cro. Car., 382; *Moises v. Thornton*, 8 Term, 303; *Baker v. Morfue*, 1 Sid., 327; *White v. Carroll*, 42 N. Y., 161; *Robbins v. Treadway*, 2 J. J. Marsh. (Ky.), 540. In the case of *White v. Carroll, supra*, the defendant, in speaking of the plaintiff as a physician, called him a " quack." Justice SUTHERLAND, in delivering the opinion of the court, says: " To call a physician a quack is in effect charging him with a want of the·necessary knowledge and training to practice the system of medicine which he undertakes to practice. . . . There cannot be any doubt, I think, that to falsely and maliciously call a physician a quack is actionable."

Certainly the language used by the defendant imputed a want of capacity and ability on the part of the plaintiff to discharge properly the duties of his office, and was calculated, if believed by his hearers, to diminish public confidence in him as a justice.

We are not yet prepared to say that the citizen, in the exercise of his right to criticise the acts and qualifications of those holding office, may publicly make false and malicious charges as to their honesty, or their capacity to discharge the duties of the offices held by them. Though the citizen has the right to criticise those in office, and a just and truthful criticism may be a wholesome corrective of. abuses of official positions, such criticism should be honest, and founded upon truth, and not falsehood.

*By the Court.* — The judgment of the circuit court is re· versed, and the cause remanded for a new trial.