BRITTON (UNITED STATES v.). See Case No. 14,650.

BROACH (PLATT v.). See Case No. 11,216.

## Case No. 1,908.

### BROAD v. DEUSTER.

[8 Biss. 265.][1]

Circuit Court, E. D. Wisconsin. Aug., 1878.

LIBEL—WORDS ACTIONABLE PER SE—ADULTERY—INNUENDO—SPECIAL DAMAGE—PLEADING.

1. A false publication concerning one that there are "suits pending against him to the effect that he has put himself in unlawful relations with the wives of other men" is libellous per se.

2. The words being actionable per se, an innuendo is not needed to connect them with any extrinsic facts.

3. Where a publication is libellous per se, special damage to the business of the person may be shown, though the words were not published concerning that business; and it is not necessary to allege the names of the customers who have ceased to do business with the plaintiff in consequence of the publication.

At law. This was an action for libel. The amended complaint was demurred to. It contained two counts. The first charged that the plaintiff [Frederick A. Broad] was a citizen of Illinois and was a bookseller and stationer doing business at Freeport in that state; that in August, 1873, the defendant [Peter W. Deuster] was the publisher and proprietor of a newspaper published in the German language at the city of Milwaukee; that on the 9th day of August, 1873, the defendant, with malice and wrongfully, published in said newspaper of and concerning the plaintiff, certain words which were set out, in the German language in the pleading, followed by a translation, which is as follows: "Freeport, Ill., 9 Aug. Here prevails some excitement on account of a libel suit which one of our county officers, F. A. Broad, has instituted against Messrs. Wagner, Senior and Junior, publishers of the German Anzeiger. The suit is for $25,000 damages. Said paper had criticised the conduct of Broad as member of the grand jury, and Broad believes that what he calls his honor can only be patched up by means of $25,000. Against Broad, however, are also suits pending to the effect that he has put himself in unlawful relations with the wives of other men." It was then alleged that a large number of persons of German birth in the county of Stephenson, Illinois, were subscribers for this newspaper, and read the article therein, alleged to be libellous; that it was also read by a great number of persons in Wisconsin, Illinois, Iowa, and Minnesota; that afterwards the plaintiff called at the office of the proprietor of the paper, and demanded of the defendant the name of the correspondent who had communicated the article, which he refused to give, and at the same time stated that the article was true, and invited the plaintiff to bring a suit against him for damages. It was alleged that the words so published were false, and that by reason of the publication thereof the plaintiff had sustained damages in the sum of $15,000. The second count was substantially like the first, except that it was alleged further, that by the publication of the words in question, the credit of the plaintiff as a merchant, and his standing and reputation in the community where he resided were greatly injured, and that he had lost and been deprived of gains and profits which would otherwise have accrued to him in his business, and damages were demanded. [Demurrer overruled.]

J. W. Flanders, for plaintiff.

J. V. V. Platto, for defendant.

DYER, District Judge. With reference particularly to the first count, it is said, that it states no injury to the plaintiff's reputation, business or trade. It is true that the usual form of allegation in a pleading in such cases is, that by means of the publication, the plaintiff was injured in his reputation, to his damage, etc., where personal damages only are claimed. But though this precise form is not here followed, and though the allegation of damage in the first count is very general, I do not think it can be said that the pleading does not state a cause of action.

With reference to the second count, it is said, that injury to both reputation and to business is alleged, and that where injury to reputation is charged it should be averred that the plaintiff was of good reputation. But in cases where the words charged do not of necessity bear some relation to a party's employment or profession or official capacity, it is not necessary to aver that he was of good reputation, though it is usually alleged. The law presumes the plaintiff to have possessed a good reputation until the contrary is shown.

It is contended further, that the alleged publication is not libellous per se, and that the necessary innuendo is wanting, and so, that the complaint throughout is fatally defective. It is not always easy to determine what is the proper use of innuendoes in a complaint for defamation under the code system of pleading. It has been well remarked by a writer on the subject, that by the Code, some of the most serious difficulties which, under the former practice, defendants had to encounter in such an action have been removed, "but by so much as the defendant's path has been illuminated, by so much the course of the plaintiff has been thrown in the shadow." I find the following rules laid down on the subject by a code writer, and they seem to be sound. "First—

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Where the words are not libellous in themselves but are made so by some extrinsic matter alleged by way of inducement, innuendoes are requisite to connect the words charged, with the extrinsic facts. Second—The same rule applies in occasional cases, where the words are made libellous by reference to some extrinsic matter not necessary to be pleaded by way of allegation. In such case the extrinsic fact should be suggested by an innuendo. Third—A pleader will be allowed, where it is obviously convenient, to employ an innuendo by way of allegation of the import of the words charged, without going through the form of making a prefatory statement of the extrinsic facts." In other cases than these, to show the meaning imputed to words libellous in themselves, innuendoes may be dispensed with.

The publication complained of, is, I think, clearly libellous. The argument of counsel for the defendant seemed to assume "that in order to constitute a libel, the publication must impute a crime, or charge something which if uttered verbally would have been actionable in itself as slander. But the distinction between slander and libel in this respect is well established; and it is settled that an action for libel may be sustained for words published which tend to bring the defendant into public contempt or ridicule, even though the same words spoken, would not have been actionable." Lansing v. Carpenter, 9 Wis. 540. The words alleged to have been published being actionable per se, an innuendo is not needed to connect them with any extrinsic facts.

Further, with reference to the second cause of action, it is claimed that the publication in question does not touch the plaintiff in his trade or business as a merchant, and therefore he cannot demand damages for loss of business or credit. But where words published are libellous per se, I understand special as well as general damage may be shown. It is not claimed by the plaintiff that the publication complained of has particular relation to his business, but that in consequence of the alleged libel, he was injured in his general reputation and in his business. And it seems clear that the whole injury, if any, special as well as general, may be shown.

Finally, it is urged, that the names of customers, who it is alleged ceased to do business with the plaintiff in consequence of the publication, should be given. The omission of the pleading in this respect may render it obnoxious to a motion to make it more definite and certain, but it is not for such omission demurrable, the words published being libellous per se. Where a libel is not in itself actionable, and the action is sustainable merely in respect of special damages, such damages must be stated, and in such case it has been held that a general aver-

ment of loss of customers is not a sufficient allegation of special damage. Demurrer overruled.