Young *v.* Clegg.

Filed Jan. 30, 1884.

---

No. 10,508.

### YOUNG *v.* CLEGG.

LIBEL.—*Publication.*—*Pleading.*—While a prosecuting attorney had charge of a pending criminal prosecution against the son of one C., Y. sent a letter to C. by mail, which was received and read, stating that he was reliably informed that C. had bribed the prosecuting attorney, naming him, to release his son by employing him upon a contingent fee to conduct a suit against Y., suggesting that the giver of the bribe is as guilty as the taker.

*Held,* that the letter was a libel upon the prosecuting attorney, and that the above facts, alleged in the complaint, showed a publication.

SAME.—*Instruction.*—In a suit for libel, if the writing be unambiguous, it is the duty of the court to construe it, and tell the jury whether or not it is libellous.

---

Young v. Clegg.

---

INSTRUCTIONS.—*Harmless Error.*—Though a single instruction be inaccurate in its statement of the pleadings, yet if others so plainly put the matter correctly before the jury, that the mistake could not have misled, the error is harmless.

From the Clark Circuit Court.

*M. C. Hester*, for appellant.

*C. L. Jewett*, for appellee.

FRANKLIN, C.—Appellee sued appellant in the Clark Circuit Court for libel. The ground of the complaint was a letter written by the appellant to one Andrew J. Carr.

A demurrer was overruled to the complaint. Issues were formed, and there was a trial by jury, which returned a verdict for appellee for $25. Over a motion for a new trial, judgment was rendered upon the verdict.

Errors have been assigned upon the rulings upon the sufficiency of the complaint, and the overruling of the motion for a new trial.

Appellee, in his complaint, avers that appellant, by the letter referred to, charged him with having accepted a bribe as prosecuting attorney, to influence his official conduct. The letter reads as follows:

"CHARLESTOWN, January 3d, 1879.

"MR. A. J. CARR—*Dear Sir*—I understand, from what I think is a truthful source, that you gave Mr. Clegg a bribe, as follows: If he would release your son you would give him a contingent fee of $100 to prosecute me on the Jacob's claim. Please allow me to call your attention to the fact that the giver of a bribe is as guilty in the eye of the law as the taker. I only have to say, withdraw your suit, and I shall not try to work up the facts. If you do not you will take your chances.

"Respectfully yours,

"SOLON YOUNG."

It is averred in the complaint that this letter referred to appellee as prosecuting attorney; that he was the prosecuting attorney in the circuit court for Clark and Floyd counties; that there was then pending in the Clark Circuit Court an in-

dictment against the son of said A. J. Carr, and that for the purpose of injuring appellee in his reputation, appellant wrote and published the said letter, intending thereby to charge appellee with being bribed to perform an official act in his capacity as prosecuting attorney.

It is insisted by appellant that the letter is not libellous; that it does not charge appellee with accepting a bribe; that it only charges the offering of a bribe to him.

We think that a fair and reasonable construction of the language of the letter is that it charges appellee with the crime of bribery. Carr could not give a bribe to him without his accepting it; and, further in the letter, appellant says that the giver is as guilty in the eye of the law as the taker of a bribe. There could be no giver without a taker. It charges appellee as much with accepting as it does Carr with giving. The language can not be construed to mean to charge Carr with merely offering a bribe; such a construction can not reasonably be placed upon the language used; and when the letter is taken in connection with the allegations of the complaint, we think there is a sufficient cause of action shown.

There was no error in overruling the demurrer to the complaint, or the motion in arrest of judgment. This ruling also disposes of the objection, in the specification of errors, that the complaint does not state facts sufficient.

Under the motion for a new trial, the fourth reason, based upon the fourth instruction, is first insisted upon. The following language in that instruction is objected to: "As to whether said letter is libellous or not is a question of law that has been settled by the court. It has been determined that the language of the letter, as explained and construed by the innuendoes or averments of the complaint, constitute a libel, for which plaintiff has a right of action; yet these innuendoes or averments raise a question of fact which it is the province of the jury to decide."

The language of the letter is by no means ambiguous or susceptible of different constructions. In such cases it is the

duty of the court to construe the instrument, and the province of the jury to determine the facts as instructed by the court. *Gabe* v. *McGinnis*, 68 Ind. 538; *Pittock* v. *O'Niell*, 63 Pa. St. 253 (3 Am. R. 544); *Pugh* v. *McCarty*, 44 Ga. 383; *Gregory* v. *Atkins*, 42 Vt. 237; *Gottbehwet* v. *Hubachek*, 36 Wis. 515. There is no error in this part of the instruction.

The fifth instruction is also complained of. That instruction substantially states that the general denial put in issue all the material allegations of the complaint. And " the material averments of the complaint are, that plaintiff was prosecuting attorney; that there was an indictment against said Carr, which was nollied by plaintiff, the exact time not being material; and that the letter, a copy of which is set out in the complaint, was written and published, and that it was intended to apply to the plaintiff." That the burden of proof was upon the plaintiff to establish these 'material allegations by a preponderance of the evidence, and that it was for the jury to determine whether he had done so. We think this instruction was fair toward the defendant, and stated the law correctly.

The sixth instruction is also complained of, for the reason that in that instruction the court told the jury that the second, third and fifth paragraphs of the answer were pleaded in mitigation of damages, and whatever facts were proved under them should be considered in diminishing the amount of damages that should be found against the defendant. It is insisted that only the fifth was pleaded in mitigation, and that it was error to include the second and third. The facts stated in the second, while there is no averment that they were pleaded in mitigation, still they could only be considered, if considered at all, in mitigation, and there was no error in including the second. There certainly is a mistake about including the third, either by the court or in the record. For the very next instruction, the seventh, tells the jury that the third paragraph was a plea in justification, alleging the truth of what the letter contained, and, if proved, was in bar of

the plaintiff's right to recover. So, if the error was made by the court, it was a harmless error, after giving the seventh instruction, that could not mislead the jury.

The eighth instruction is also complained of. That is fair and complete, fully explaining what is meant by the sixth and seventh instructions, drawing the line distinctly between mitigation and justification.

Taking the instructions all together we think the defendant had no right to complain, and that there is no available error in them.

The writing of the letter, placing it in the post-office directed to Carr, and Carr receiving it and reading it, was a sufficient publication of the libel. The evidence tended strongly to support the verdict, and the verdict was not contrary to law.

There was no error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

