## C. L. SMITH *vs.* LEVI M. STEWART.

### June 4, 1889.

**Charge—Libel—Duty of Court where Words are Clearly Libellous.—** In a civil action for libel, where the words published are clearly libellous on their face, being unambiguous and incapable of an innocent meaning, it is both the right and the duty of the court to instruct the jury, as a matter of law, that they are defamatory.

Action to recover $50,000 damages for libel, brought in the district court for Hennepin county. The publication complained of was a card written and signed by defendant, and procured by him to be inserted in a Minneapolis newspaper, charging plaintiff (a nurseryman, furnishing and setting out young trees) with setting out trees for defendant in a grossly careless, unskilful, and bungling manner, and with stealing sods from defendant's land, and styling him "an irresponsible, unadulterated, first-class humbug and fraud." At the trial, before *Hicks*, J., the plaintiff had a verdict of $300. The defendant appeals from an order refusing a new trial.

*Davis & Farnam*, for appellant.

*Hart & Brewer*, for respondent.

MITCHELL, J. We have examined all of appellant's 19 assignments of error, and find them either unsupported by the record or so devoid of merit that, in our opinion, only one of them requires any special consideration. The publication constituting the alleged libel was clearly defamatory on its face, without ambiguity, and incapable of an innocent meaning; and the case was free from any evidence tending to change the natural meaning of the words. On the contrary, the defendant, who justified by alleging the truth of the publication, in his answer repeated and amplified the charges against the plaintiff, saying in substance that he meant just what he said, and that he published the article to caution the public against defendant as a dishonest swindler, and "an irresponsible, unadulterated, first-class humbug and fraud." The court charged the jury that the article was, as a matter of law, defamatory; leaving it to them to decide whether or not it was false.

Prior to the enactment of the so-called "Fox Act," the law of England undoubtedly was that, both in criminal and civil proceedings, the quality of the alleged libel as it stands on the record, either simply or as explained by averments and innuendoes, is purely a question of law for the court. 2 Starkie, Sland. 288. In view of the severe rulings of the courts, it was enacted by the act referred to that, in all criminal proceedings for libel, the jury are to decide the question of libel or no libel, subject to the direction of the judge. Under this statute it became the rule, in criminal prosecutions, for the court to define the term "libel," and then leave it wholly to the jury to decide if the language proved came within the definition. The same practice seems to have been adopted, to a certain extent, in civil actions, although we have found no case in which it was held error for the court, if it saw fit, to instruct the jury as to the defamatory character of the alleged libel. The English practice seems to have been adopted in some cases in this country. *Shattuck* v. *Allen,* 4 Gray, 540. But in most states it is held that, where the words are unambiguous and clearly libellous on their face, incapable of an innocent meaning, and the case free from any evidence tending to change their natural meaning, it is both the right and duty of the court in civil actions to instruct the jury, as a matter of law, that they are defamatory. *Hunt* v. *Bennett,* 19 N. Y. 173; *Pittock* v. *O'Niell,* 63 Pa. St. 253; *Gregory* v. *Atkins,* 42 Vt. 237; *Gabe* v. *Mc-Ginnis,* 68 Ind. 538; *Pugh* v. *McCarty,* 44 Ga. 383; *Gottbehuet* v. *Hubachek,* 36 Wis. 515. The court always pronounces upon the legal quality of the words when it nonsuits on the ground that they are incapable of a defamatory meaning. It often does the same thing when passing upon a demurrer to the complaint, or in determining whether a verdict is sustained by the evidence; and we cannot see why it ought not to have the right to do the same thing in its instructions to the jury, when, as in this case, the words are clear and unambiguous, and incapable of anything but a defamatory meaning. The question is purely one of law, and, according to all analogies, it ought to be the province of the court to pronounce upon it.

Order affirmed.