## JOHN ALEXANDER DOWIE

*v.*

## SAMUEL G. PRIDDLE.

*Opinion filed June 23, 1905—Rehearing denied October 23, 1905.*

1. PRACTICE—*correct practice where court determines that previous ruling sustaining plea is wrong.* If the trial judge becomes satisfied that a previous ruling on demurrer sustaining pleas of justification in an action for libel is wrong, he should withdraw the case temporarily from the jury, set aside the prior order, and after sustaining the demurrer to the pleas should give the defendant an opportunity to stand by his pleas or plead over; but failure to pursue such course will not reverse if it worked no injury to defendant.

2. LIBEL—*plea of justification requires great certainty.* A plea of justification in an action for libel requires great certainty of averment and must justify the very charge alleged, and it is not permissible to set up a charge of the same general nature but distinct as to the particular subject.

3. SAME—*when a plea of justification must state facts.* If the libelous charge is specific a plea of justification need only allege that the charge is true, but if it is general the plea must state the facts which show the charge to be true.

4. SAME—*plea of justification cannot attack plaintiff's general character.* It is not sufficient, in a plea of justification, to attack the character of the plaintiff generally or aver his general misconduct, but the plea must justify such of the very words contained in the declaration as are actionable.

5. SAME—*specific acts of misconduct cannot be proved under the general issue.* Under a plea of the general issue in an action for libel the defendant is confined to proof of the plaintiff's bad character but is not entitled to prove specific acts of misconduct.

6. SAME—*when plea of justification is bad.* A plea of justification in an action for libel is bad which avers facts the proof of which would, at most, only tend to break down the character of the plaintiff but not establish the truth of the alleged libelous charges.

7. INSTRUCTIONS—*when the court may declare that words were libelous as a matter of law.* Where the published words are clearly defamatory on their face, unambiguous and incapable of an innocent meaning, the court may declare, as a matter of law, that such words are libelous, leaving it to the jury to say whether the publication was made and with what intent, and whether the charges were true or false.

CARTWRIGHT, C. J., and BOGGS, J., dissenting.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. Smith, Judge, presiding.

This was an action on the case commenced in the circuit court of Cook county by the appellee, against the appellant, to recover damages by reason of an alleged libel which it is averred the appellant had published of and concerning the appellee in a certain publication called *Leaves of Healing,* of which the appellant was the editor.

The declaration contained three counts. The libelous matter set out in the first count was published on June 1, 1901, and charged appellee with being a "vile person," "the very opposite of pious," "a poor, ungrammatical ignoramus," and a "heathen man and publican of the worst kind." That set out in the second count was published on June 22, 1901, and referred to the appellee as "a scoundrel," an "insane fanatic," a "poor, insane lunatic," a "low, mean coward," and a "paranoiac," and charged that the appellee harbored the "intent to kill" the appellant. And that set out in the third count was published on July 13, 1901, and stated the appellee was a "low, degraded person, lewd and depraved," and a "teacher of lewd, adulterous and polygamous practices."

The appellant filed the general issue and two special pleas of justification, in which last mentioned pleas he averred that appellee had "without cause abandoned his wife and children;" that he had made "murderous and diabolical prophecies;" that he had "committed adultery;" that he claimed to have "visions and revelations direct from God;" that he stated appellant "would be killed" and that he was "the one to do it," etc. To the special pleas filed by appellant the appellee filed a general replication and three special replications, denying the averments contained in said pleas. The appellant interposed a demurrer to said special replications, which was sustained, but the court declined, upon request, to carry

the demurrer back to the special pleas of justification, but held said special pleas to be good. The case was tried before a judge other than the one who settled the issues upon the pleadings, and upon the trial the presiding judge held that the special pleas were bad and that the demurrer to the special replications should have been carried back and sustained to the special pleas of justification, and refused to permit the appellant to introduce any proofs under said special pleas of justification.

The jury returned a verdict for $2000 in favor of the appellee, upon which, after overruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

V. V. BARNES, CHARLES E. LAUDER, and P. R. BARNES, for appellant.

FREDERICK MAINS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first assigned as error that the trial court erred in sustaining the objection of appellee to the testimony offered by appellant to prove the various acts of misconduct of appellee set up in the special pleas of justification filed by appellant. In actions for slander or libel the defendant may deny that he spoke or published the words set out by plaintiff in his declaration, or he may rely upon the truth of the words spoken or published as a defense to the action. If he deny that he spoke or published the words declared upon by the plaintiff he may mitigate damages in two ways: First, by showing the general bad character of the plaintiff; and second, by proving any facts which tend to disprove malice. But under a denial that he spoke or published the words he cannot prove the words declared upon to be true, as their

truth can only be established under a plea of justification. A plea of justification requires great certainty and particularity of averment. The justification must be of the very charge it is attempted to justify, and it is not permissible to set up a charge of the same general nature but distinct as to the particular subject. When the charge is specific, then the plea need only allege that the charge is true. Where, however, the charge is general, the plea must state the facts which show the charge to be true. When the trial judge became satisfied that the special pleas of justification were not a bar to the action and that an erroneous ruling had been made in refusing to carry back to the special pleas the demurrer to the special replications, he should have withdrawn the case temporarily from the jury and set aside the order sustaining the demurrer to the special replications and carried the demurrer back to the special pleas of justification and entered an order sustaining the demurrer to said pleas, and then permitted the defendant to stand by his pleas or plead over. (*Fort Dearborn Lodge* v. *Klein,* 115 Ill. 177.) While the method pointed out is the correct practice, as announced in the *Klein case,* the defendant did not ask the court to take such action nor that the case be continued, but proceeded with the trial and put in proofs of the general bad character of the plaintiff under the general issue. If the ruling of the court in refusing to admit proof under the special pleas of justification worked no injury to the defendant, then the error of the court in not setting aside the former order sustaining the demurrer to the special replications and afterwards carrying the same back to and sustaining it to the special pleas of justification was harmless and should not work a reversal of the case.

We think it clear that the specific charges of misconduct set up in said special pleas of justification against the appellee, such as that he had "without cause abandoned his wife and children," that he had "made murderous and diabolical

prophecies," that he had "committed adultery," that he had claimed to have "visions and revelations direct from God," that he stated the appellant "would be killed" and that he was "the one to do it," etc., were not answers to the charges set out in the declaration, but, at most, were averments of fact, which, if sustained by proof, would have tended only to break down and destroy the character of the plaintiff, and did not establish the truth of the charges made against the plaintiff by the defendant. The appellant availed himself of his right to prove the general bad character of the appellee. He did not have the right, under the general issue, to prove specific acts of misconduct on the part of the appellee, but was confined to proof of his general bad character. (*Sheahan* v. *Collins,* 20 Ill. 326; *Strader* v. *Snyder,* 67 id. 404.) It is not sufficient, in a plea of justification, to attack the character of the plaintiff generally or to aver his general misconduct, but the plea must justify the very words contained in the declaration,—at least those that are actionable. Where it was averred that the defendant had said of the plaintiff that he had stolen "a pot and waiter," a plea in justification that plaintiff stole "a waistcoat pattern" was held not sufficient. (*Eastland* v. *Caldwell,* 2 Bibb, 21.) And in an action charging plaintiff with adultery with one man, an answer alleging that she had committed adultery with another man is bad. (*Buckner* v. *Spaulding,* 127 Ind. 229.) A plea justifying the words as true must aver the truth of the very charge. It is not sufficient to plead and prove the plaintiff guilty of a similar offense or even of one more flagrant. *Torrey* v. *Field,* 10 Vt. 408.

We are of the opinion that the special pleas of justification filed by the defendant amounted to no more than the general issue, and that the specific facts averred in said pleas were not admissible in evidence in bar of the action, and that as the defendant gave in evidence proof of the general bad character of the plaintiff under the general issue, he

went as far with his proof as under the law he was entitled to, and that the trial court did not err in declining to permit him to prove said specific facts averred in said special pleas of justification.

It is next assigned as error that the court misdirected the jury as to the law on behalf of the appellee. The first instruction contained the statement, "if the jury believe, from the evidence, that the defendant published the libel, as charged in the declaration, then the plaintiff is entitled to recover in this suit," and it is said that the instruction assumed the matters alleged in the declaration to be libelous and withdrew that question from the jury. The rule seems to be well settled that where the words published are clearly defamatory on their face and are unambiguous and incapable of an innocent meaning, the court may, as a matter of law, declare to the jury that they are libelous, leaving it to the jury to say whether the publication was made, with what intent it was made and whether the published words were true or false. (*Hunt* v. *Bennett,* 19 N. Y. 173; *Pittock* v. *O'Niell,* 63 Pa. St. 253; *Gregory* v. *Atkins,* 42 Vt. 237; *Gabe* v. *McGinnis,* 68 Ind. 538; *Pugh* v. *McCarty,* 44 Ga. 383; *Gottbehuet* v. *Hubachek,* 36 Wis. 515; *Smith* v. *Stewart,* 41 Minn. 7.) In the latter case it is said: "Where the words are unambiguous and clearly libelous on their face, incapable of an innocent meaning, and the case free from any evidence tending to change their natural meaning, it is both the right and duty of the court, in civil actions, to instruct the jury, as a matter of law, that they are defamatory." The questions in this case as to whether the publication was made, its truth or falsity and the intent with which it was made were left to the jury. We think the instruction was substantially correct.

Instructions 4 and 5 are criticised on the ground that malice is assumed therein as proven from the mere publication of the alleged libelous matter, notwithstanding the pleas of justification. Those pleas were eliminated from the case by the trial court as amounting to nothing more than the

general issue.   We do not think the instructions subject to the criticism made thereon.

We think the jury were instructed correctly as to the law of the case.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and BOGGS, J., dissenting.