Pearson, J.
 

 This was case for slanderous words, spoken of the plaintiff, Mrs. Watters.
 

 The words charged this plaintiff with criminal intercourse with one Nelson Haggins. In support of his plea of justification, the defendant offered no proof in reference to Haggins, but offered to prove that Mrs. Watters had had criminal intercourse \vith other men, and the plaintiff, her husband, had on several occasions said, she was guilty of such intercourse with men, other, than Haggins. This testimony was objected to, but was received. There was a verdict for the defendant,and from the judgment thereon, the plaintiffs appealed.
 

 The question is. where the words make a charge of incontinence with a particular individual, can the plea
 
 *316
 
 of justification be supported by proof of criminal inter* course with other men ? or must the defendant make good his plea, by proof of such intercourse with the in* dividual named ? A charge, that the plaintiff stole the hog of A., is not supported by proving that he stole the hog of B. When the charge is general,as that the plaintiff is guilty of larceny or of counterfeiting, the plea sets out some particular act of larceny or of counterfeiting, so as to make the issue certain ; and, in this case, the defendant has the advantage of being able to put hisde* fence upon any particular act of the kind, which he thinks he can prove. But when the charge is
 
 particular,
 
 and the defendant, at the time he speaks the words, selects a specified offence, he is bound by it, and his plea must rest on that particular matter. This is obviously right, because, having, for the sake of giving point and force to his charge, gone into particulars, and having had the advantage of thereby making his accusation the more plausible, he has no right to complain, that he is not allowed to make a departure, and run over the plaintiff’s whole life, to see “ if there be no shame in it.” This is a well settled distinction in slander, and we see no reason to ■find fault with it.
 

 The statute, which gives the present action, provides, that it shall be prosecuted “■ under the same rules and regulations, as have been heretofore observed in the trials of actions of slander”
 
 ,
 
 and we are
 
 not
 
 at liberty, if we were so disposed, to give defendants in this action any greater latitude, than tney are entitled to in the common law aetion.
 

 Our attention was called, in the argument, to
 
 Snow
 
 v.
 
 Witcher, 9
 
 Ire. 346. There is nothing in that case, opposed to our present decision. Then the charge was general. The defendant had selected no individual with whom he had connected the plaintiff, and the substance ■of thatjcase is, that conception and delivery did not make
 
 *317
 
 a part of the charge, and ffor that reason need not be proven. It was enough for the defendant, by his plea, to aver, that the plaintiff had had criminal intercourse with the witness. But here the charge is particular,— The defendant, at the time he spoke the words, selected Nelson Haggins as the man, and |he cannot be allowed, in his plea, to shift his ground.
 

 The declarations of the husband ought also to have been rejected, because he did not allude to Haggins.— We do not concur in the other reason suggested, that his wife ought not to be affected by his declarations. He is a party of record, is bound for the costs, entitled to the recovery, and could not be examined as a witness. The influence, that such declarations ought to have, is for the jury.
 

 Pea Curiam Judgment reversed and
 
 mnirc^dt nawt.