*E. S. Stone*, for appellant.

*D. Moss*, for appellee.

———◆———

## MEDAUGH *v.* WRIGHT.

SLANDER.—EVIDENCE.—Where in an action of slander the words charged to have been spoken import a larceny of the property of A, proof of the speaking of words importing another and a different larceny is not admissible in support of the cause of action.

APPEAL from the *Tippecanoe* Circuit Court.

RAY, C. J.—This was an action of slander. The first paragraph charged that the defendant maliciously uttered and spoke, of and concerning the plaintiff, in the presence and hearing of one *Dillman*, the following false, defamatory and slanderous words: "He (the plaintiff meaning) is a notorious scoundrel; he (the plaintiff meaning) stole corn enough out of the *Stephenson* warehouse (meaning a certain warehouse in the neighborhood, where corn was stored) to feed two horses all winter; he (the plaintiff meaning) stole corn enough out of the warehouse down

there to feed his horses all winter." The second paragraph charged the speaking of additional words, implying that the appellee would steal property from his neighbors' smoke houses. The third paragraph charged the speaking of these words, in the presence and hearing of one *Metheny*: "*Wright* (the plaintiff meaning) stole corn out of the *Stephenson* warehouse; *Wright,* (plaintiff meaning,) stole corn out of the warehouse."

On the trial, the appellee, having introduced the persons in whose hearing the words were alleged to have been spoken, and having failed to sustain the allegations of the complaint, offered to prove by one *Husk,* that in a conversation with the witness, the appellant had accused the appellee "of stealing corn generally, and of stealing corn from the barn of one *Toliver.*" This evidence was admitted, over the objection of the appellant, "not merely to prove the malice of the defendant, but in support of the cause of action." The court also refused to instruct the jury that the evidence of *Husk* must be disregarded in determining whether the cause of action charged was made out by the evidence given in the case. The admission of the evidence of *Husk,* and the refusal of the instruction asked by the appellant, were errors. The evidence given by the appellee had failed to establish his case. The larceny charged was from the "*Stephenson* warehouse," or "the warehouse." The evidence of *Husk* was as to a charge "of stealing corn from the barn of one *Toliver.*" This was a different larceny from the one charged in the complaint. In our opinion, the entire evidence shows that the cause of action charged in the complaint, and that proved on the trial, are different and separate causes of action, and that the proof admitted on the trial did not sustain the averments of the complaint.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*H. W. Chase* and *J. A. Wilstach,* for appellant.

*R. P. Davidson* and *R. De Hart,* for appellee.