Smith v. Smith.

No. 8040.

SMITH v. SMITH.

SLANDER.—*Evidence.—Variance.—Time.*—It is not necessary to prove. that the slanderous words were uttered on the particular day named in the complaint. *Medaugh* v. *Wright,* 27 Ind. 137, distinguished.

SAME.—*Evidence in Mitigation.*—The defendant had accused the plaintiff of forging a receipt, against a mortgage, for $600, and offered to prove in mitigation that the plaintiff had said thàt the foreçlosure of the mortgage would ruin him, claiming that this would tend to show that defendant acted in good faith in accusing the plaintiff of forging the receipt.

Smith *v.* Smith.

*Held,* that, if not too remote for admission at all, there was no error in excluding the evidence as offered, because it was not proposed to show that the defendant knew of the declaration at the time he made the accusation.

From the Cass Superior Court.

*G. E. Ross,* for appellant.
*H. C. Thornton* and *W. W. Thornton,* for appellee.

Woods, J.—The appellee sued the appellant for slander, claiming two thousand dollars damages, and obtained a verdict and judgment for one hundred dollars. The alleged slanderous words were to the effect that the appellee had forged a receipt, which purported to have been made by the wife of the appellant, at a date prior to her death, which had occurred recently. The complaint is in three paragraphs, charging the utterance of the words on the 11th, 12th and 15th days respectively of November, 1878. The answer was a general denial.

The proof showed that the words were spoken on days not specified, in September, 1878, and it is insisted that the variance is fatal; that, while it was not necessary that the plaintiff should designate in his complaint the time when the words were uttered, yet having done so he must make the proof as exact as the allegation. The authority cited in favor of this proposition is *Medaugh* v. *Wright,* 27 Ind. 137, wherein the words charged imported a larceny of the property of A., and it was held that proof was not admissible of words importing another and different larceny. The case is manifestly not in point. The words charged to have been spoken must, of course, be proven substantially as laid, but there is no authority or reason for requiring proof of the time exactly as alleged. It is not required in actions of account, contract or tort, nor even in prosecutions for crime.

The record shows that the appellant introduced as a witness in his behalf one Henry Smith, a competent witness, and proposed to prove by him, that before the speaking of

the words charged, to wit, on or about December 25th, 1877, the plaintiff, in a conversation with said Henry Smith about the notes and mortgage against which the receipt in question purports to be a credit, said that he hoped James would not foreclose the mortgage, for, if he did, it would break him, the plaintiff, up; but the court, on objection made, held the testimony incompetent.

The appellant claims that the evidence was competent, in mitigation of damages, as tending "to show the state of mind of the defendant and what his belief was as to the truth or falsity of the alleged slander." We need not decide whether the testimony was, or, by a proper offer of other evidence to connect it, could have been made, admissible. Its bearing, in the direction claimed, must, under any circumstances, have been very remote and doubtful. The argument is, that, if, at the time of the proposed conversation, the appellee had had a genuine receipt for $600, to be credited on the mortgage debt, he would not have feared ruin in case of a foreclosure, and, therefore, the appellant had a right to infer and believe, from his declaration, that a foreclosure would ruin him, that he did not have a genuine receipt, and, so believing when he uttered the slanderous words, he should be allowed to prove it in mitigation. The force of the argument depends on the amount of the mortgage debt and the ability of the appellee at the time to pay the remainder, after crediting the amount of the receipt. Inquiry in a direction so divergent from the issue to be determined, would hardly be justifiable. But, besides this, the appellant did not show, or offer to show, that the declaration of the appellee, which it was proposed to prove, had come to his knowledge before he spoke the slanderous words.

The judgment is affirmed, with costs.