No. 8577.

## HALLOWELL *v.* GUNTLE.

SLANDER.—*Evidence.— Whoredom. — General Character. — Particular Acts.— Mitigation of Damages.*—In an action for slanderous words imputing to the plaintiff whoredom with a particular man, the general bad character of the plaintiff for unchastity may be proved in mitigation of damages, but not particular acts of whoredom with other men, in either mitigation or justification.

SAME.—*Presumption.—Instructions.—Reputation.*—In an action for slander, it is not error to instruct that a person, against whom a charge of whoredom has been made, is presumed to be innocent until the contrary is shown by a preponderance of the evidence; nor that if the plaintiff's reputation for chastity had not been called in question in the neighborhood of her residence, it was evidence of her good reputation in that respect; nor that] if her reputation for chastity was bad, it was no defence to the action, but was to be considered in mitigation of damages.

SAME.—*Evidence.*—In an action for slander, it is not necessary to prove the precise time when the words were spoken.

From the Clinton Circuit Court.

*E. Sparks, F. M. Goldsberry, T. H. Palmer* and *D. S. Holman,* for appellant.

*J. W. Clements, P. H. Dutch, W. R. Stokes* and *J. E. Moore,* for appellee.

Woods, J.—Action for slander and libel; verdict and judgment for the plaintiff; error assigned on the overruling of the motion for a new trial.

The evidence is not in the record, and the bill of exceptions is not framed according to the 347th section of the code, R. S. 1881, section 630, for presenting reserved questions; consequently some of the points discussed are not before us.

The alleged slanderous words were to the effect that the plaintiff, an unmarried woman, had been guilty of acts of whoredom with defendant. The defendant pleaded the general issue and justification, and on the trial offered to prove in defence, and in mitigation of damages, that the plaintiff had committed particular acts of whoredom with other men named. The court properly excluded this evidence. It did not tend to prove the justification, and was not admissible in mitigation of damages. The general bad character of the plaintiff, in respect to chastity, may be proved in mitigation, in such a case, but not particular acts of unchastity which do not come within the plea of justification. 1 Greenl. Ev., section 55; 2 Greenl. Ev., sections 421, 424, and notes. The familiar reason for the rule is, that a party is presumed to be always ready to defend his general character, but can not be called on to meet a particular charge not directly involved in the issue.

The court instructed the jury that the plaintiff need not prove " the precise time " when the words were spoken. There was no error in this. *Smith* v. *Smith,* 76 Ind. 356. It is suggested that, under this instruction, words spoken after the commencement of the action might have been proven as the cause of action; but the instruction does not mean that, and, in the absence of the evidence, it will be presumed that there was no such proof admitted.

The court also instructed "that the person against whom the charge (of whoredom) is made, is presumed to be innocent until the contrary is proved by a preponderance of the evidence." Counsel insist that there is no legal presumption about it, and that the instruction "deprived the jury of the right to consider any evidence of the guilt of the plaintiff."

Greenleaf, vol. 2, section 419, says: "In ordinary cases, under the general issue, the plaintiff will not be permitted to prove the *falsity* of the charges made by the defendant, either to show malice, or to enhance the damages; *for his innocence is presumed.*" The rule is, and the instruction well enough expresses it, that in such a case, in the absence of contrary evidence, the jury will presume the plaintiff's character to be good, the burden of proof on the subject being on the defendant.

In one of its charges, the court said: "The fact, if true, that the plaintiff's reputation for chastity had not, or has not, been called in question in the neighborhood in which she resides, is evidence that her reputation in that respect is good." We recognize fully the rule that the jury must determine the weight of evidence, and what in the particular case it tends to prove or does prove; but we do not consider that this charge is substantially inconsistent with that rule. It does not mean that the fact suggested was *proof* of good reputation; it certainly was *evidence* of it, and the judgment can not be reversed because the court said so. It will be presumed, the record not showing the contrary, that there was evidence which made the instruction relevant.

The court instructed further that if the jury found "that the plaintiff's reputation for chastity was bad, still, that is no defence to this action, but is to be considered by you in mitigation of damages." Counsel say: "Whatever tends to mitigate the damages in such a case as this is a defence *pro tanto*, to the action, and the court erred in saying," etc.

This is a dispute about words—mere logomachy. The instruction could not have misled the jury, and, as we conceive, is technically right in the respect in which it is criticised.

Counsel claim further that the instruction is wrong in respect to the preponderance of evidence, and argue that if there was any evidence of bad character, it should, so far as it went, though not a preponderance, go in mitigation of damages. *Shoutly* v. *Miller*, 1 Ind. 544, is cited. The instruction does not say to the contrary, and if the appellant desired an instruction to that effect, he should have asked it.

The appellant complains of a remark made in the argument of the case before the jury by one of counsel for the appellee; and it is said that there was nothing in the evidence to justify it. The evidence, as already stated, is not in the record, and the question can not be considered.

Judgment affirmed, with costs.