Filed Feb. 7, 1891.

———◆———

No. 14,770.

## BUCKNER v. SPAULDING.

SLANDER.—*Pleading.*—*Answer.*—In an action for slander in charging the plaintiff with adultery with one man, an answer which alleges that she was guilty of adultery with another man, is bad.

BILL OF EXCEPTIONS.—*Time of Filing.*—Where the record shows that the bill of exceptions was not filed within the time allowed by the court, and it does not appear in the body of the bill when it was presented, the bill will not be regarded as properly in the record.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *W. S. Cavins,* for appellant.

*J. S. Bays, W. W. Moffett* and *C. E. Davis,* for appellee.

ELLIOTT, J.—The complaint alleges that the defendant, here the appellant, slandered the plaintiff by falsely charging her with adultery with one Williams. The answer is, in substance, that the plaintiff did have sexual intercourse with one Ploder. The answer is so clearly bad that discussion is unnecessary. *Hallowell* v. *Guntle,* 82 Ind. 554; *Ricket* v. *Stanley,* 6 Blackf. 169. It is no answer to a slanderous charge that the plaintiff was guilty of a specific act of adultery with one man to allege that she was guilty of a specific act of adultery with another man.

The record shows that the bill of exceptions was not filed

within the time allowed by the court, and it does not appear in the body of the bill when it was presented to the judge. The bill can not be regarded as properly in the record. *City of Plymouth* v. *Fields,* 125 Ind. 323; *Rigler* v. *Rigler,* 120 Ind. 431; *Buchart* v. *Burger,* 115 Ind. 123.

Judgment affirmed.

Filed Feb. 7, 1891.