YOUNGS *v.* ADAMS.

1. SLANDER—WORDS ACTIONABLE PER SE.

To say to another, "You are a liar and a thief," is, if left unexplained, slanderous, and actionable *per se.*

2. SAME—JUSTIFICATION—EVIDENCE.

The defense of justification is not established, in an action for slander in calling one a thief, by proof of cheating, trickery, and fraud, not amounting to actual theft.

| | |
|---|---|
| 113 | 199 |
| 128 | 649 |
| 113 | 199 |
| s71ᴺᵂ | 585 |
| 129 | ¹548 |
| 113 | 199 |
| s71ᴺᵂ | 585 |
| 132 | ¹537 |
| 113 | 199 |
| 139 | ¹486 |
| 139 | ¹489 |

Error to Marquette; Stone, J. Submitted April 16, 1897. Decided May 28, 1897.

Case by Clark W. Youngs against Sidney Adams for slander. From a judgment for plaintiff, defendant brings error. Affirmed.

*Ball & Ball*, for appellant.

*Hill & Rood*, for appellee.

HOOKER, J. The defendant appeals from a verdict and judgment against him in a slander case. The slanderous words charged were: "You are a liar and a thief, and I have the papers to prove it." The court instructed the jury that these words, taken in their ordinary and natural sense, charged the plaintiff with the offense of larceny, and that the statement, if made without qualification, was actionable *per se.* With the plea of the general issue, the defendant filed a notice in the nature of justification, in which he alleged that he would prove that the plaintiff, while in his employ, defrauded him in various ways, and fraudulently embezzled and converted to his own use the moneys of the defendant, and obtained the property of others named by false pretenses. A bill of particulars of the alleged embezzlements and larcenies was filed, containing some 27 items, and upon the trial

defendant introduced testimony which he claims established such embezzlements and larcenies.

The court instructed the jury that—

"The words, 'You are a liar and a thief,' are not actionable, unless the defendant intended to impute the crime of larceny, which the law will presume, if unexplained. If left unexplained, these words are actionable. The circumstances surrounding the speaking of the words, however, may be given in evidence to rebut the presumption of malice, and to show the circumstances under which the words were uttered. * * * The defendant has always been, and is, permitted, in a case like this, to show the matter affecting the meaning of the alleged defamatory language. An action cannot be maintained where the words, although imputing a crime, were accompanied by such an explanation as showed that the crime was not committed. * * * Explanatory circumstances, known to all of the parties, speakers, and hearers, are to be taken into account, then, as a part of the words. * * * The test in such case is the knowledge possessed by those to whom the language is published. The question now is, not what the defendant meant by the words he spoke, but what reasonable men, hearing the words, would understand them to mean. * * * The word 'thief' may be so used, qualified, or explained as to show that it was intended to have a different meaning, and not to mean larceny, or any crime at all."

The court instructed the jury that in such case the plaintiff could not recover. The foregoing instruction was elaborated, and applied to the question in the case, and, in our opinion, made it plain that the defendant should not be found guilty if the circumstances showed that the words ought not to have been understood in their ordinary sense. This charge follows the rule laid down in *Ellis* v. *Whitehead*, 95 Mich. 105, where a similar question was considered.

It was contended by counsel for the appellant that the evidence showed that the plaintiff was guilty of embezzlement from the defendant, and that he cheated and

defrauded him, and wrongfully converted his property, and that the court should have so instructed the jury, and that embezzlement was larceny, and proof of it amounted to a justification of the charge of larceny. The court instructed the jury that proof of cheating, trickery, and fraud, unless it amounted to actual theft, would not amount to a justification, and that no taking or conversion would amount to larceny or embezzlement—which he said was statutory larceny—unless it included a felonious intent to convert the property taken or misappropriated to his own use. It was thus left to the jury to find a justification by embezzlement, if the necessary elements to establish it were found. We think the court did not err in saying that a charge of being a thief could not be justified by showing the plaintiff guilty of cheating, fraud, or false pretenses, and there was no error in refusing the numerous requests upon these subjects.

We think it unnecessary to discuss other assignments of error. In our opinion, the court submitted the disputed questions of fact to the jury under a fair charge, and the judgment is therefore affirmed.

The other Justices concurred.