### SAVLAN v. AYER.

1. SLANDER—PLEADING—EVIDENCE.
   Evidence of injury to the reputation of plaintiff in a slander suit is admissible under a declaration alleging his previous good reputation, the utterance by defendant, with intent to injure plaintiff therein, of words actionable *per se*, and the consequent injury to plaintiff in his reputation.

2. TRIAL—MISCONDUCT OF COUNSEL—HARMLESS ERROR.
   Where the declaration in a slander suit alleged injury to plaintiff's business, and the evidence showed that the business

belonged to plaintiff's wife, a statement by plaintiff's attorney that plaintiff had an interest in the business, which he was conducting in his wife's name, and that he was prevented from getting damages for injuries thereto by reason of a technicality, if erroneous, was rendered harmless by an instruction that a recovery could not be had for an injury to the business; it affirmatively appearing that no damages were awarded on that branch of the case.

Error to Charlevoix; Mayne, J. Submitted January 28, 1902. Decided March 4, 1902.

Case by Max Savlan against Martha J. Ayer for slander. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. J. Pailthorp,* for appellant.

*Fitch & Fitch,* for appellee.

MOORE, J. This is an action for slander. The jury rendered a verdict in favor of plaintiff in the sum of $200 for injury to feelings and $50 for injury to reputation. The case is brought here by writ of error. The declaration, so far as it is necessary to state it here, reads as follows:

"For that whereas, the said plaintiff, before and at the time of the committing by the defendant of the grievances hereinafter mentioned, was a person of good name, credit, and reputation, and never was guilty of the crime hereinafter laid to his charge, and deservedly enjoyed the good opinion and respect of a large number of persons, and was and still is a merchant carrying on the business of retailing dry goods, furnishings, and other merchantable wares, and was and still is carrying on and conducting the said business with honesty, credit, and reputation. * * * Yet the defendant, well knowing the premises, but contriving and intending to injure and defame the said plaintiff in his good name, credit, and reputation, and in his said business, and intending and endeavoring to bring him into public scandal and disgrace, heretofore, to wit, on the 1st day of May, 1900, at Charlevoix, in the county of Charlevoix, aforesaid, in a certain discourse which the

said defendant then and there had of and concerning the plaintiff, in the presence of and hearing of divers good and worthy persons, falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning him in relation to his said business, the false, scandalous, malicious, and defamatory words following, that is to say: 'You (meaning the plaintiff) stole the tables and drawers out of my store (meaning the tables and drawers aforesaid). You (meaning the plaintiff) lie, if you say you did not. You (meaning the plaintiff) are a thief, and I will prove it. I will have you (meaning the plaintiff) arrested for stealing (meaning thereby that she, the defendant, would cause the arrest of the plaintiff for the crime of larceny).' And the said defendant then and there, in the presence of the large number of persons aforesaid, continued to repeat the aforesaid and other false, malicious, scandalous, and defamatory words in a loud, angry, and threatening tone of voice and manner. * * * In consequence of the committing of which said grievances, and the speaking of the said false, scandalous, malicious, and defamatory words by the defendant as aforesaid, the plaintiff has been and is greatly injured in his good name, credit, and reputation, and has been brought into great public scandal, disgrace, and disrepute, and has been greatly injured in his business as aforesaid. * * * And the said plaintiff, by reason of the committing of the said grievances by the said defendant as aforesaid, has suffered great mental anguish and pain of mind by reason of his wounded feelings caused by the aforesaid oft-repeated publication."

Upon the trial it appeared by the testimony of the plaintiff that the business was carried on in the name of his wife. The plaintiff, after proving the utterance of the words alleged to be libelous, was allowed to answer the question, "Do you know whether or not these charges made by Mrs. Ayer became circulated throughout the town?" and similar testimony was allowed from Mr. Clayden, whose deposition was taken. It is said this was error, because it was not proper to permit any evidence tending to affect the business to go to the jury, and also because, "under the declaration, it was not admissible to show that plaintiff had been injured in reputation. The

declaration alleges that he had not been injured in reputation." The court ruled the plaintiff could not recover for any injury to his business, and the verdict shows affirmatively that no damages were awarded for injury to his business.   We cannot agree with counsel that the declaration alleges plaintiff had not been injured in reputation. It avers the good reputation of the plaintiff, and that defendant, intending to injure and defame the said plaintiff in his good name, credit, and reputation, uttered the words which are set out at length in the declaration, and which, if uttered, were actionable *per se* (*Youngs* v. *Adams*, 113 Mich. 199 [71 N. W. 585] ), and then alleges that, because of the utterance of these words, the plaintiff has been and is greatly injured in his good name, credit, and reputation.

In the argument the following language was used by the attorney for plaintiff:

"Mr. Savlan had that business because he had an interest in that business.   He was conducting it in his wife's name in the business, and because of that he is prevented from getting damages because of technicality.   The man and wife were doing business together.

"*Mr. Pailthorp:* Note an exception to that.

"*Mr. Fitch:* We don't say that, gentlemen, because we expect to get damages for this, because it is true that it was Mrs. Savlan's business, and that he was running it in her name."

This is said to be prejudicial error.

In his charge the court told the jury:

"In the declaration it was alleged and certain damages were claimed by reason of injury to the business.   The testimony, so far as presented, shows that the business was continued only for two weeks, and that it was conducted in the name of Mary Savlan, the wife of the plaintiff.   Under the pleadings I ruled out all evidence relative to injury to the business, and I now charge you, gentlemen, that you shall not consider any evidence relative to the business of Mary Savlan.   If she has sustained any injury, she will have to bring an action in her own name to recover.   It cannot be recovered by her husband in this action."

If any error was committed by the counsel in the argument, it was cured by the charge of the court. This is made clear by the fact that no damages were given for injury to business.

The other assignments of error have been considered, but we do not think it necessary to discuss them. The case was carefully tried by the trial judge.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.