## WALLACE v. KOPENBRINK.

No. 749.   Opinion Filed November 14, 1911.

(119 Pac. 579.)

1.  **PLEADING—Inconsistent Defenses—Slander.** In an action for slander, the defendant, by reason of sections 5634 and 5666, Comp. Laws 1909, may set up in his answer as his defense both a general denial, and that the defamatory language alleged to have been used by him is true.

2.  **LIBEL AND SLANDER—Evidence—Mitigation.** Where the petition charges the defendant with having uttered slander upon his own authority, and counsel in his opening statement of defendant's case to the jury admits that defendant published the slander charged, but states that in doing so defendant made it as a statement of a third person, whom he named at the time, the testimony of defendant that he spoke the defamatory statement not as his own charge or accusation, but as a statement of a third person, whose name he gave at the time, was competent for the purpose of showing the absence of express or actual malice and to mitigate the damages.

3.  **WITNESSES — Cross-Examination — Interest.** An attorney who testifies as a witness for his client may be asked on cross-examination if he has an interest in the judgment that may be recovered as his fee for services rendered in the cause, and what part of the judgment he is to receive. Such evidence is competent to show his bias or interest in the suit, and that the jury may determine the credibility that should be given his testimony.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by Henry Kopenbrink against W. P. Wallace. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*H. B. Martin,* for plaintiff in error.

*L. C. McLean* and *Moss, Turner & McInnis,* for defendant in error.

HAYES, J.   Defendant in error, who will hereinafter be called "plaintiff," originally commenced this action in the district court of Noble county against plaintiff in error, who will hereinafter be called "defendant," to recover damages in the sum of $10,000 for slander. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff in the sum of $200. Plaintiff in his petition declares upon two counts. By the first count, he charges that on the 5th day of December, 1905, the defendant said of and concerning plaintiff:

"Kopenbrink (meaning the plaintiff) is a thief. He had been caught stealing wheat. Lowery caught Kopenbrink stealing wheat. They telephoned to Mr. Cook at Ponca City, and the officers came out, and next morning he fixed it up with the officers. Afterwards they found in a cornfield where he (Kopenbrink) had stacked the wheat which he had stolen."

By the second count, he charges that on the 24th day of December, 1905, the defendant published a defamatory statement concerning him, which need not be set out here.

Defendant by his answer answered separately to the counts of plaintiff's petition. His answer to the first count consists of three paragraphs, the first of which constitutes a general denial. The second pleads a justification, by alleging that the defamatory words set out in said count of the petition are true. The third paragraph pleads matters in mitigation, by alleging that, at the time defendant is charged with having uttered the langauge in the first count, it was currently reported and believed in the community where plaintiff and defendant lived that plaintiff had stolen the wheat as charged in said language; that defendant then believed such fact to be true; and that plaintiff's good name was not injured or damaged by the charge. His

answer to the second count consists of two paragraphs, the first of which is a general denial. The second paragraph pleads justification, by alleging the truth of the defamatory·statements in said count, and contains an admission that defendant did, at the time alleged in the second count, use to the plaintiff certain defamatory language, which he sets out.

· At the trial, counsel for defendant asked defendant, who testified in his own behalf, the following question: "What did you say on that occasion?" (referring to the occasion referred to in the first count of plaintiff's petition.) Answer: "Well, we was talking there about Kopenbrink, you know, and I said that Henry Lowery had told me that he had caught Kopenbrink stealing wheat that belonged to George Cook, and he had notified George Cook of the same." At this point, witness was interrupted by counsel for plaintiff with a motion to strike out the answer of the witness, which was sustained. By other questions of defendant's counsel, it was sought to show that defendant did not himself charge plaintiff with stealing the wheat at the time alleged in the first count, but that on that occasion he said, in substance, that Henry Lowery had told him that plaintiff had stolen the wheat. Objections to all these questions were sustained by the trial court, upon the theory, it seems, that defendant, having pleaded in the second paragraph of his answer to the first count a justification, was estopped from denying the publication of the alleged defamatory language. Such was the rule at common law, upon the ground that they are inconsistent defenses and cannot be joined; and the same rule prevails in some of the states under the· code practice.

By section 5666, Comp. Laws 1909, it is provided that a defendant in an action for slander may allege and prove the truth of the matter charged and any mitigating circumstances to reduce the amount of damages, or he may prove either. Under this section and section 5634, Comp. Laws 1909, of this state, which provides, among other things, as follows:

"The defendant may set forth in his answer as many grounds for defense, counterclaim, set-off and for relief as he

may have, whether they be such as have been heretofore denominated legal or equitable or both"
—it was held in *Cole v. Woodson*, 32 Kan. 272, 4 Pac. 321, that in actions for slander the defendant may set up that he did not use the language imputed to him, and, second, that the language was true. The rule announced in that case, decided before the adoption of the statute in this jurisdiction, is binding upon the court.

Counsel for plaintiff, however, contended in the court below, and contends in this court, that no error was committed in rejecting said evidence, because of certain admissions made by counsel for defendant in his opening statement to the jury. The opening statements of counsel for both parties were preserved and have been made part of the record in this proceeding. Counsel for defendant, in his opening statement to the jury, admitted: That he (defendant) did say that Lowery says that 'Kopenbrink stole Cook's wheat,' and you will learn, gentlemen, from this evidence that Mr. Wallace believed that it was true at the time that he said it." Substantially the same language was used in another part of his statement to the jury. Said statements of defendant's counsel, we think, constitute substantially an admission of the publication of the defamatory matter as charged in plaintiff's first count; the only difference being that in plaintiff's petition it is charged that defendant himself uttered upon his own authority slanderous statements, whereas the admission of his counsel is that he uttered them upon the authority of a third person, whom he named at the time. But the fact that he repeated a slander originated by a third person does not relieve him of liability, nor is it a defense that he at the time named the person from whom he heard the slander. Newell on Slander & Libel, p. 350. While under the admission made in the opening statement of defendant's case, the evidence rejected was not admissible for the purpose of disproving the grounds of defendant's liability, it was competent for the purpose of mitigating the damages. Under the statute, an injurious publication is presumed to be malicious, if no justifiable motive for making it is shown. Section 2342, Comp. Laws 1909. Plain-

tiff, however, seeks not only compensatory damages, but also exemplary damages; but, to be entitled to recover exemplary damages, it is necessary to show that defendant in making the defamatory statement was actuated by actual or express malice. *Walker v. Wickens,* 49 Kan. 42, 30 Pac. 181; *Hess v. Sparks,* 44 Kan. 465, 24 Pac. 979, 21 Am. St. Rep. 300; 18 Am. & Eng. Encyc. of Law, 1093. We think it was competent for defendant to show, as bearing upon the question whether he was actuated by express malice in uttering the slanderous statement, that he repeated it as a statement of a third person, giving at the time the name of the author; and that he then believed the statement to be true. In establishing or disproving actual or express malice, the rule that all the circumstances surrounding the making of the defamatory statement and of the language used by the person charged with committing the slander may be proven is a liberal and wise one; for whether there was actual malice is a question of fact for the jury, which can best be determined when it is in possession of all the facts and circumstances pertaining to the publication of the alleged slander. Under the statute, the smallest amount for which a verdict could have been returned is $100. The verdict was for $200, twice the minimum amount. We cannot therefore say that defendant was not prejudiced by the erroneous exclusion of this' evidence.

One McLean, of counsel for plaintiff, testified at the trial on behalf of plaintiff. He testified to the making of the defamatory statement by defendant as alleged in count 1 of plaintiff's petition, and also circumstances tending to show express malice on the part of defendant in making it. On cross-examination, this witness was asked if he had a contract with plaintiff to share in the judgment that he should recover in this action. An objection to this question was by the court sustained. Thereafter, however, other counsel for plaintiff admitted that the witness had an interest in the judgment to be recovered, but upon the witness being asked what amount of the judgment sought to be recovered in the action, if any was recovered, he would under his contract receive from plaintiff, the court sustained an

objection thereto. In this, also, we think the court committed error.

Where an attorney testifies as a witness for his client in a case, communications between him and his client relative to the fee he received in the case is not privileged. *Moats v. Rymer,* 18 W. Va. 642, 41 Am. Rep. 703; *Smithwick et al. v. Evans,* 24 Ga. 461; *Eastman et al. v. Kelly et al.,* 1 N. Y. Supp. 866. This rule is wise and just. To surround an attorney who takes the witness stand in behalf of the client he repreesnts with a cloak of protection against cross-examination that will show his interest and possible bias in a cause would result in subjecting the adversary in the case to the dangerous effect of testimony clothed with the appearance of being unbiased and unprejudiced, when as a matter of fact it might be extremely to the contrary; and no good whatever could follow from such a rule. When an attorney goes upon the stand as a witness, he is not and should not be exempt from any of the rules applicable to other witnesses for testing his interest in the suit in order that the jury may competently judge whether he is biased and determine intelligently what weight and credibility is to be given to his evidence. It was not sufficient to admit that witness who was of counsel had a contingent interest in the result of the suit. It was equally important for the jury to know the extent of that interest. An inconsequential interest in a case might not be regarded as sufficient to bias a witness, whereas a large interest would lead the jury to believe his evidence unreliable.

*Ellis v. Whitehead,* 95 Mich. 105, 54 N. W. 752, the only case cited by defendant in error to support his contention that this evidence was inadmissible, is not in point.

For the errors suggested above, the judgment of the trial court is reversed, and the cause remanded.

TURNER, C. J., and DUNN and KANE, JJ., concur; WILLIAMS, J., not participating.