## VORHEES v. TONEY.

No. 1561.    Opinion Filed February 6, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 552.)

1. **PLEADING—Separate Defenses.** In an action for slander, the defendant, by reason of sections 5634 and 5666, Comp. Laws 1909, may set up in his answer as his defense both a general denial and the plea of justification.

2. **LIBEL AND SLANDER—Plea of Justification.** A plea of justification, in an action for slander, requires certainty of averment, and must justify the sting of the very charge alleged.

3. **SAME—Justification—Evidence—Mitigation of Damages.** While offenses of the same general nature are not admissible as justification in an action for slander, such offenses are admissible in mitigation of damages, and as tending to show the absence of injury or of malice.

4. **SAME.** The slander alleged was that the defendant had said that the plaintiff had stolen money from him and had robbed him, and was a ——— thief. The answer pleaded as justification that the plaintiff had taken money from the firm without accounting for it, had taken beefsteaks from the store without charging himself therefor, had procured more insurance than the value of the stock warranted, and, after a fire, had attempted to pad the invoices, and had purchased real estate with the partnership funds and taken title in his own name. **Held,** that this was not justification, although it was admissible in evidence in mitigation of damages.

5. **APPEAL AND ERROR—Presumptions.** Where facts are pleaded in justification of a charge of slander, and evidence is offered under this plea, and these facts are not admissible in justification, but are admissible in mitigation, and the verdict is for the defendant, it will not be presumed by this court that the erroneous theory upon which this plea was allowed and this evidence admitted was not prejudicial to the rights of the plaintiff.

(Syllabus by Ames, C.)

*Error from District Court, Stephens County;*
*F. M. Bailey, Judge.*

Action by Dan Vorhees against L. E. Toney. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*E. E. Morris* and *J. B. Wilkinson,* for plaintiff in error.

*Gilbert & Bond,* for defendant in error.

Opinion by AMES, C. The plaintiff sued the defendant for slander.

The slanderous words alleged were as follows:

"That he [the said plaintiff] had stolen money from him [defendant] and had robbed him [defendant], and that he [plaintiff] was a God damn thief, meaning thereby to charge the plaintiff with the crime of larceny, and with the crime of robbery."

The answer was as follows:

"(1) Now comes the defendant in the above styled and entitled cause, and for his second amended answer to the plaintiff's petition denies each and every, all and singular, the averments therein contained, except such as are hereinafter specifically admitted. (2) He denies that he had the conversation alleged in the petition of plaintiff, or words in substance to those alleged in the petition of plaintiff. (3) Defendant alleges that all of the matters set forth in said plaintiff's petition are true in this to wit: (4) That the plaintiff and defendant entered into the grocery business in the town of Comanche, Okla., each having an equal and undivided interest in the profits of said business. (5) That the plaintiff has taken money belonging to the firm of Toney & Vorhees and appropriated the same to his own use, and failed and refused, and still fails and refuses, to account to this defendant or to the firm for such moneys. (6) Defendant alleges that they had, in connection with their grocery business, a meatshop, and that plaintiff would go into said meatshop and procure beefsteaks and other meats, and appropriate them to his own use without charging himself therefor, and refuses to render any account to this defendant, or to the firm aforesaid. (7) Defendant further alleges that in justification of the statement that he had been robbed by the plaintiff that plaintiff had taken various sums of money out of the funds of said company and used them for his own use and benefit, and failed and refused, and still fails and refuses, to account for said funds. (8) For further justification as to the statement that the defendant said plaintiff was a God damn thief, alleges that in said grocery stock so purchased by the plaintiff and defendant there was only placed the sum of $2,600; that said stock was depleted until it was worth approximately $1,500; and that,

Vorhees v. Toney.

just prior to the fire which destroyed said building in which said business was located, plaintiff procured an additional insurance policy for $1,400, making a total insurance upon said stock of $3,900. (9) That subsequent thereto plaintiff attempted to procure 'padded' invoices, and made false statements as to the amount of property involved in said grocery stock. (10) Defendant further alleges, in addition to the foregoing statements, that the plaintiff purchased a certain farm out of the partnership's funds, and caused the same to be deeded to himself."

The plaintiff filed a general demurrer to this answer, and also demurred specially to the portion of it seeking to justify the slanderous words, and also particularly to the eighth, ninth, and tenth paragraphs. The court overruled all these demurrers, and the case proceeded to trial, resulting in a verdict for the defendant. Of the errors alleged, it is only necessary to consider those arising on the demurrers.

It is argued by the plaintiff that the general demurrer should have been sustained, because in such an action the defendant cannot at the same time plead a general denial and justification. This point has been settled against the plaintiff in *Wallace v. Kopenbrink,* 31 Okla. 26, 119 Pac. 579, where the first paragraph of the syllabus is as follows:

"In an action for slander, the defendant, by reason of sections 5634 and 5666, Comp. Laws 1909, may set up in his answer as his defense both a general denial, and that the defamatory language alleged to have been used by him is true."

We will consider the remaining grounds of demurrer together. It will be noticed that the facts pleaded in the answer are pleaded, not in mitigation of damages, but as justification for the charge. The importance of this distinction must be borne in mind. When one charges another with a distinct crime, he does so at his peril. He makes a distinct and specific charge affecting the moral character of the other. When called to account, in order for him to justify this charge, he must be able to prove it, and he must be able to prove the exact offense charged, and not some other similar offense. The general rule is announced in *Bodine v. Times-Journal Pub. Co.,* 26 Okla. 135,

110 Pac. 1096, 31 L. R. A. (N. S.) 147, where it is said in the syllabus:

"A plea of justification in an action for libel, to be a defense, requires great certainty of averment, and must justify the sting of the very charge alleged; it is not permissible to set up a charge of the same general nature, but distinct as to the particular subject."

There are many cases illustrating this rule, of which reference may be made to the following: *Ricket v. Stanley*, 6 Blackf. (Ind.) 169; *Buckner v. Spaulding*, 127 Ind. 229, 26 N. E. 792; *Thibault v. Sessions*, 101 Mich. 279, 59 N. W. 624; *Youngs v. Adams*, 113 Mich. 199, 71 N. W. 585; *Loveland v. Hosmer*, 8 How. Prac. (N. Y.) 215; *Skinner v. Grant*, 12 Vt. 456; *Sun Printing & Pub. Ass'n v. Schenck*, 98 Fed. 925, 40 C. C. A. 163; *Dowie v. Priddle*, 216 Ill. 553, 75 N. E. 243, 3 Ann. Cas. 526; *Watters v. Smoot*, 33 N. C. 315; *Pallet v. Sargent*, 36 N. H. 496; *Downs v. Hawley*, 112 Mass. 237; *Andrews v. Vanduzer*, 11 Johns. (N. Y.) 38; *Dillard v. Collins*, 66 Va. 343.

In *Ricket v. Stanley* and *Buckner v. Spaulding, supra*, it was held that a charge of adultery with one person cannot be justified by a plea of adultery with another. In *Youngs v. Adams, supra*, it was held that a charge of being a thief cannot be justified by showing that the plaintiff was guilty of cheating, fraud, or false pretenses. In *Andrews v. Vanduzer, supra*, and *Downs v. Hawley, supra*, it was held that a charge that the plaintiff was guilty of sodomy with one beast could not be justified by showing that he was guilty of that offense with another. In *Dillard v. Collins, supra*, it was held that a charge of horse stealing could not be justified by showing that the plaintiff had stolen a hog or cow. These cases illustrate the regard which the law has for man's reputation, and the exact nature of the proof which is required to justify an attack upon a man's good name. Many other cases are collected in notes to be found in 91 Am. St. Rep. 285, and 31 L. R. A. (N. S.) 132.

The rule established by these authorities may seem harsh; but these cases and numerous others cited in the notes referred to establish it by the overwhelming weight of authority. In

connection with these authorities, however, a distinction between justification and mitigation should be carefully remembered. In Newell on Defamation, Slander, and Libel (page 882), it is said:

"Where a defendant does not justify, he may mitigate the damages in two ways: First. By showing the general bad character of the plaintiff. Second. By showing any circumstances which tend to disprove malice, but do not tend to prove the truth of the charge."

Many cases are collected by the author supporting this rule. The same rule is recognized in Townshend on Slander and Libel (4th Ed.) art. 361, p. 606, where it is said:

"Although matter in mitigation of damages is not a subject of demurrer, yet, if set up in the answer, without any allegation that it is set up in mitigation merely, the plaintiff may infer it is set up in bar, and may demur to it."

It is manifest that, while in the cases which have been cited, the various cases offered did not justify the exact charge made, such facts would be plainly proper to consider in mitigation of the damages. To charge a man with larceny would not be justified by showing an attempt to commit larceny, and yet such an attempt would plainly mitigate the damages. The result is that, while the facts set up in the answer do not justify a charge of larceny and robbery, they do mitigate the damages, and tend to show the absence of malice, provided they can be proven; and those of them that are proper to consider in mitigation may be pleaded as mitigating circumstances. Comp. Laws 1909, sec. 5666.

With reference to the eighth and tenth paragraphs of the answer, it will be noted that there is no allegation that the matters therein complained of were done with any fraudulent intent, which, of course, would be a necessary element, in order to make them proper subjects of mitigation. It is argued, however, by the defendant, that as two issues were submitted to the jury, first, whether the slanderous words were spoken, and, second, whether they were justified, and, as the jury has found for the defendant, that we should assume that the finding was for the

defendant on the first issue, and that therefore the error as to the second should be disregarded. If the evidence on the second issue had been submitted as matter of mitigation, this conclusion might follow; but, as this evidence was submitted in justification, it may be that the jury found that the language alleged to have been used by the defendant was used by him, and that it was justified. If this defense had been pleaded in mitigation, and the jury should have found for the plaintiff on the first issue, the mitigating circumstances could not have reduced the verdict for the plaintiff below $100 (Comp. Laws 1909, sec. 2343); while, if these facts were justification, they might have resulted in a verdict for the defendant. We cannot presume that the facts pleaded in justification, and treated as justification in the evidence and the instructions, were not material to the result reached by the jury. *Callahan & Co. v. Chickasha Cotton Oil Co.,* 17 Okla. 544, 87 Pac. 331.

For the foregoing errors, we think the judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.