## ZIMMERMAN v. NEWSOM.

No. 4349.   Opinion Filed May 4, 1915.

(148 Pac. 733.)

**LIBEL AND SLANDER—Punitive Damages—Right to Recover—Operation of Statute.**  The primary intent of section 4961, Rev. Laws 1910, is to fix the minimum amount of the verdict and judgment in an action for libel or slander, and not to authorize a recovery for exemplary or punitive damages, in the absence of evidence of express malice actuating the publication.

(Syllabus by Bleakmore, C.)

*Error from District Court, Texas County;*

*R. H. Loofbourrow, Judge.*

Action by J. F. Newsom against Warren Zimmerman.  Judgment for plaintiff, and defendant brings error.  Affirmed on condition that plaintiff enter a remittitur.

*Harris & Breslin, Gleason & Breslin, Burford & Burford,* and *Samuel W. Hayes,* for plaintiff in error.

*William Edens* and *M. G. Wiley,* for defendant in error.

BLEAKMORE, C.  This case presents error from the district court of Texas county, wherein the plaintiff in error was defendant and the defendant in error was plaintiff.  The parties will be referred to herein as they appear in the trial court.

Plaintiff, J. F. Newsom, sued the defendant, Warren Zimmerman, editor and publisher of the Guymon Herald, a newspaper published at Guymon, Texas county, Okla., for a libel, based upon the publication in said newspaper of the following article:

"This paper believes like Joe Folk, the great and good Democrat of Missouri, that a grafter is neither a democrat nor a republican, but a thief and a scoundrel.  They know, themselves, that they are guilty and don't dare to make a break.  And,

like the ballot box robbery which has been hushed up, they don't dare open the inside and what's more they never will. We sincerely hate to use up all this space, but feel our readers will feel with us that we are justified in doing so in nailing such an un-Godly lie circulated by J. F. Newsom, a man despised and hated by his neighbors from whom he's borrowed sums from $1.00 to $5.00 and never paid back, a political degenerate who sacrifices those who made him and who hasn't a close, personal friend in Guymon—a recognized nonentity in the place he came from in Eastern Oklahoma—as willful and malicious a liar—as conceited and unprincipled a rascal as ever followed the frontier to hide his sins. Warren Zimmerman."

Defendant answered, admitting the publication, attempting to justify the same, and to mitigate damages. To set forth the answer would serve no useful purpose. The cause was tried to a jury upon the pleadings and the opening statements of counsel, which are made a part of the record. No testimony was introduced. There was judgment for $1,000, and the case is properly here for review.

The court gave the following, among other, instructions:

"You are instructed that the defendant, by his answer and opening statement, has admitted that he published this particular article of and concerning the plaintiff, in the Guymon Herald, a weekly newspaper published at Guymon, Okla., and said paper having a large circulation in Texas county, Okla., and it is also admitted that the plaintiff, J. F. Newsom, is and was a resident of Texas county, Okla., and at that time was the clerk of the district court of Texas county, Okla. By reason of such admissions the burden of proof rested upon and with the defendant to either prove the truth of the matters and things set out and published in said article, as well as any matters in mitigation of damages, and both the plaintiff and defendant having rested their case, the sole question for you to determine is the amount of damages that the plaintiff sustained to his character and reputation by reason of the publication and circulation of said article."

"You are further instructed that under the law and the circumstances in this case the publication of said article was malicious, and you must find a verdict in this case in favor of the

plaintiff and against the defendant, and such verdict must be in the sum of not less than $100 and costs, and may be for such greater sum as the jury believe the defendant is entitled to receive."

"The measure or amount of actual damages which the plaintiff should recover in this case rests in the sound discretion of the jury, and in arriving thereat you may consider the damage to the plaintiff's reputation and his mental suffering and humiliation occasioned by such publication, and in addition thereto you may allow plaintiff such further sum as exemplary damages as your enlightened consciences may· feel to.be just and right, by way of punishment and as an example to others, provided that the whole amount of such damages from all causes shall not be less than $100 and costs, and shall not exceed the sum of $10,000."

In *Bodine v. Times-Journal Publishing Co.*, 26 Okla. 135, 110 Pac. 1096, 31 L. R. A. (N. S.) 147, it was held·in the syllabus:

"Where the language of an alleged libel is clear and unambiguous, and the facts are uncontroverted with reference to whether or not it was libelous or its publication privileged, on a trial the questions so presented are of law for the court, and not of fact for the jury."

And in the body of the opinion it is said:

"Hence it was error for the court to submit to the jury the question of whether the article was privileged, and to refuse to determine, as a matter of law, on the proposition of its being libelous *per se.*"

The statute provides (section 4960):

"An injurious publication is presumed to have been malicious if no justifiable motive for making it is shown." (Section 4961). "If there be a verdict by the jury or finding by the court in favor of the plaintiff, the verdict and judgment shall in no case be less than one hundred dollars and costs, and may be for a greater sum if the proof justifies the same."

While the trial court was correct in instructing the jury that under the pleadings and admissions of counsel a verdict

should be returned for the plaintiff in a sum of not less than $100 and costs, in our opinion, it erred in advising them that in arriving at their verdict they might consider damages to the plaintiff's reputation, his mental suffering and humiliation, and in addition thereto might allow him a further sum as exemplary damages by way of punishment and example to others. Whether the word "proof," appearing in sectieon 4961, *supra*, is used in its ordinary and popular sense to signify the means by which the amount of compensatory damages for injury suffered by reason of the libel is established, or the effect or result of evidence, is unnecessary to determine. Obviously it was the primary intent of said section to fix the minimum amount of the verdict and judgment, and not to authorize a recovery for exemplary or punitive damages in the absence of evidence of express malice actuating the publication. *Wallace v. Kopenbrink,* 31 Okla. 26, 119 Pac. 579.

After a careful examination of the entire record, we are of opinion that under proper instructions plaintiff should have recovered the minimum amount fixed by the statute; and, if within 30 days he shall enter a remittitur for all above that sum, the judgment of the trial court will be affirmed; if not, the judgment is reversed, and the cause remanded.

By the Court: It is so ordered.