### WEBER v. RUSCH.

No 16196—Opinion Filed Feb. 16, 1926.

Rehearing Denied March 30, 1926.

1. **Libel and Slander—Inconsistent Defenses —General Denial and Truth of Statements.**

In an action for slander, the defendant, by reason of sections 304 and 305, Comp. Stats. 1921, may set up in his answer as his defense both a general denial and that the defamatory language alleged to have been used by him is true.

2. **Same—Plea of Justification.**

A plea of justification, in an action for slander, requires certainty of averment and must justify the sting of the very charge alleged.

3. **Same—Evidence of Truth of Slanderous Words.**

Evidence tending to show the truth of alleged slanderous words is inadmissible under the general issue, either in bar of the action or in mitigation of damages.

4. **Witnesses—Impeaching Testimony.**

Impeaching testimony cannot be used where such testimony would not be admissible if offered in evidence independent of the impeachment.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by Adam Rusch against Willie Weber. Judgment for plaintiff, and defendant brings error. Affirmed.

Ernest F. Smith, for plaintiff in error.

Seymour Foose, R. C. Brown, W. R. Bleakmore, and J. Barry, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Blaine county, Okla., by Adam Rusch, defendant in error, plaintiff below, against Willie Weber, plaintiff in error, defendant below, for the recovery of damages in the sum of $10,000 for slander. The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the lower court.

The petition of plaintiff alleges in five separate causes of action, in substance, that the defendant, on five different occasions, on different dates, and to five different persons, stated that plaintiff, in connection with John Schmidt, had stolen $10 000 from Fred Weber, his father, by breaking into the home and unlocking the safe and abstracting the money therefrom, and prayed judgment for the sum of $2,000 on each cause of action, or a total sum of $10,000. The defendant answered by general denial. At the close of all the evidence, the plaintiff dismissed the first cause of action, and the jury returned its verdict in favor of the plaintiff and against the defendant, that he have and recover of the defendant the sum of $250 on each of the four remaining causes of action, or a total sum of $1,000. Motion for new trial was filed, heard, and overruled, and judgment pronounced in favor of the plaintiff and against the defendant in the sum of $1,000, from which judgment the defendant appeals to this court for review.

The record contains 435 pages, but only one ground of error is presented and argued for reversal of this case, and that is that the defendant was not permitted to contradict the evidence of plaintiff's witness, Dave Schubert, by showing that the witness had made different statements from the statements of fact he testified to upon the witness stand. From an examination of the record it is disclosed that the witness testified that John Schmidt was at the home of the witness and remained there from about sundown until late in the evening, or during the time the burglary was supposed to have been committed. The defendant sought to prove by Fred Weber that he had a conversation with this witness, in which this witness told Fred Weber, in substance, that John Schmidt came to his house on the day of the burglary, and told him that Fred Web-

er and wife were going to church that night; that he, John Schmidt, then went to the oil station to see Adam Rusch, and that John and Adam went down and got the money right a.ter dark, in Adam's car, and came back, and Adam went to church where Fred Weber and his wife were, and that he watched the church during the time that Adam Rusch and John Schmidt were getting the money. The above conversation had been denied by the witness, Dave Schubert. The court refused to permit the defendant to make such proof, and defendant excepted to the ruling of the court, and assigns this as the only ground for reversal of this case.

It is urged by attorney for defendant, in his brief, that this evidence was admissible under the record in this case, and he cites the cases of Harris Irby Cotton Co. v. Duncan, 57 Okla. 761, 157 Pac. 746, and Hartwell v. State, 15 Okla. Crim. 416, 177 Pac. 283. We are heartily in accord with the law as enunciated in the two opinions cited, but, in our view of this case, under the record, the cases referred to are not applicable.

The issue presented by the pleadings is a clear-cut case of slander, as presented by the petition, and a clear-cut case of general denial, under the answer of defendant, and the law applicable to the issue joined in this case is contained in sections 304 and 305, Comp. Stats. 1921, which are as follows:

"Section 304. In an action for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts, showing that the defamatory matter was published or spoken of him.

"Section 305. In the actions mentioned in the last section, the defendant may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances, to reduce the amount of damages, or he may prove either."

Under section 304, supra, the general denial is provided for. Under section 305, supra, the special defense of truth, as a justification, is provided for, and the defendant by his answer had the right, under proper allegations, to raise both propositions, although they are inconsistent. defenses, as was decided by this court in an opinion by Justice Hayes in the case of Wallace v. Kopenbrink, 31 Okla. 26, 119 Pac. 579. The first paragraph of the syllabus is as follows:

"In an action for slander, the defendant, by reason of sections 5634 and 5666, Comp. Laws 1009, may set up in his answer as his defense both a general denial, and that the

defamatory language alleged to have been used by him is true."

The same paragraph, above quoted, appears in the case of Vorhees v. Toney, 32 Okla. 570, 122 Pac. 552, and in the second paragraph of the syllabus in the last mentioned case, this court said:

"A plea of justification, in an action for slander, requires certainty of averment, and must justify the sting of the very charge alleged."

The above quotations come as near deciding what may be set up as a defense to an action for slander, as this court has ever given upon the question of law involved in this action. The defendant has his option to have urged in addition to his general denial the special defense of truth of the statements alleged to have been made. He chose to rely upon a general denial, and, in our opinion, he was not entitled to offer any evidence of the truth of the statement under the issues made by himself in this case. Section 305, supra, among other things, says:

"The defendant may allege the truth of the matter charged as defamatory and may prove the same, and any mitigating circumstances, to reduce the amount of damages, or he may prove either."

It is our opinion of the language used above, that he must first allege the special defense of truth before he can prove the same or prove any mitigating circumstances in a proper case. The plaintiff in this case does not ask for punitive or exemplary damages, but merely for compensatory damages for having charged him with having committed a felony under the laws of this state.

The Supreme Court of the United States affirmed the case of Pickford v. Talbott, 29 Sup. Ct. 75, 211 U. S. 199, 53 L. Ed. 146, appealed from the Supreme Court of the District of Columbia, in which the District of Columbia Court held in the first paragraph of the syllabus as follows:

"Evidence tending to show the truth of alleged slanderous words is inadmissible under the general issue either in bar of the action or in mitigation of damages." 28 App. D. C. 498.

The courts of the several states have almost universally held that evidence tending to prove the truth of a libelous or slanderous statement as a justification is inadmissible under a general denial.

Having found that evidence of the truth of the statements charged to have been made by the defendant is inadmissible in the first instance, then applying the rule that impeaching testimony cannot be used where

such testimony would not be admissible, if offered in evidence independent of the impeachment, we are clearly of the opinion that the very case cited by attorney for defendant in his brief, of Harris Irby Cotton Co. v. Duncan, supra, is sufficient answer to his contention, in which case, in the body of the opinion, this court cited Wigmore on Evidence, section 1003, and stated as follows:

"Could the defendant have called the witness Whittington and introduced the alleged statement made by Wiseman in the absence of the plaintiff? We think not."

And further held that the statement of Wiseman was not admissible for any purpose independent of the contradiction, and that the court did not err in refusing to admit the testimony.

We are clearly of the opinion that the court was correct in refusing to admit the testimony complained of in this case, and that no reversible error can be predicated upon this ground.

We are therefore of the opinion that the judgment of the lower court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 40 §367; anno. 21 L. R. A. 502; 48 L. R. A. 201; 31 L. R. A. (N. S.) 132; 50 L. R. A. (N. S.) 1040; 17 R. C. L. p. 403; 3 R. C. L. Supp. 678. (2) 37 C. J. p. 42 §375. (3) 37 C. J. p. 57; 21 R. C. L. 511; 31 L. R. A. (N. S) 138; 50 L R. A. (N. S.) 1042; 17 R. C. L. p. 399; 3 R. C. L. Supp. 677; 4 R. C. L. Supp. p. 1128. §420; 21 L. R. A. 511; 31 L. R. A. (N. S.) 138; 50 L. R. A. (N. S.) 1041; 17 R. C. L. p. 412. (4) 40 Cyc. p. 2740 (Anno).